**In re UNION NACIONAL de TRABA-JADORES et al., Petitioners.**

**No. 74–1073 Original.**

United States Court of Appeals, First Circuit.

Submitted Oct. 7, 1975.

Decided Dec. 15, 1975.

---

Mark L. Amsterdam, David Scribner, New York City, Ismael Delgado Gonzalez, Santurce, P. R., Emilio Soler Mari, Rio Piedras, P. R., Elizabeth Schneider, Nancy Sterns, New York City, and Juan Mari Bras, Rio Piedras, P. R., on petition and briefs for petitioners.

Julio Morales Sanchez, U. S. Atty., and Ignacio Rivera Cordero, Asst. U. S. Atty., on brief for the United States.

Marvin Roth, Deputy Asst. Gen. Counsel, Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, and Gerald Brissman, Associate Gen. Counsel, Washington, D. C., on brief for N. L. R. B.

Frank J. Donner, Robert Z. Lewis, James G. Mauro, Jr., New York City, Winn Newman, Ruth Weyand, Washington, D. C., Harold I. Crammer, Norman Leonard, San Francisco, Cal., John G. Ratcliff, Martha Bergman, Elliott Andalman, Hattiesburg, Miss., Eugene G. Wisner, I. Philip Sipser and Stephen L. Fine, New York City, on brief for United Electrical, Radio and Machine Workers of America (UE) and others, Union, amici curiae.

Claudia Conway, Cambridge, Mass., Lance Compa, Newtonville, Mass., Warren Leiden, Somerville, Mass., Joann Margulies, Jeanne Mirer, Emily Novick, Ellen Schmidt, Bobby Solet, George Washington and Kathleen Weremuik Segal, Cambridge, Mass., on brief for the Labor Committee of the National Lawyers Guild, amicus curiae.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

This is a petition by the United States seeking rehearing and recall of mandate with respect to our decision granting mandamus to require a jury trial in the Board-instituted criminal contempt proceedings against Union Nacional de Trabajadores and its agents. 502 F.2d 113 (1 Cir. 1974). Our decision was issued on August 14, 1974. On November 11, 1974, the Supreme Court granted certiorari in *Muniz v. Hoffman,* 419 U.S. 992, 95 S.Ct. 2178, 45 L.Ed.2d 319, to consider the precise issue we had decided.

In November, counsel for the Union and counsel for the government agency involved, the National Labor Relations Board, had a telephone conversation with respect to the Union's desire to file an amicus brief in *Muniz.* The Union did file such a brief. Affidavits reveal conflicting memories concerning the conversation: Union counsel averring that Board counsel had given assurance that the Board would not, whatever the outcome in *Muniz,* contest Union's right to a

jury trial; Board counsel's memory being that he had said that the Board was not petitioning for certiorari in the case at bar and would acquiesce in our jury trial holding because he was fearful of added delay.

Matters proceeded at a snail's pace. Defendants, in the early fall of 1974, filed a motion for inspection in connection with their plans to challenge jury selection procedures in the district of Puerto Rico; plaintiff responded only in December. On June 25, 1975, the decision in *Muniz* was issued, holding that there was no right to a jury trial in cases like this, and noting that we were alone among the federal courts in our view of 18 U.S.C. § 3692. On July 10, 1975, the Board moved in the district court to vacate the order for jury trial. On July 21 defendants filed the first part of their challenge based on a preliminary analysis of jury rolls and were prepared to begin a second phase; the analysis of past jurors' comprehension of English. The district court, deeming itself bound by our decision, denied the government's motion on August 11.

We recognize that the power to "reopen the points of law already decided . . . is a power which will necessarily be exercised sparingly and only in a clear instance of previous error, to prevent a manifest injustice." *White v. Higgins*, 116 F.2d 312, 317 (1st Cir. 1940). In *White*, we refused to reopen a prior decision, noting that "there has been no intervening decision of the Supreme Court ruling the other way." *Id.* In *Legate v. Maloney*, 348 F.2d 164, 166 (1st Cir. 1965), we also refused to recall mandate, but said, "If a situation arose, such as a subsequent decision by the Supreme Court, which showed that our original judgment was demonstrably wrong, a motion to recall mandate might be entertained." Here, our clear error not being in dispute, the focus must be on the dictates of substantial justice.

The injustice created by our mandate, in light of the subsequent decision in *Muniz*, is to require the government to provide what promises to be a lengthy jury trial in a situation where jury trials have not been in the past, nor will be in the future, required. The additional burden on the prosecutorial forces of the government demanded by this jury trial are obvious. We, however, are more concerned with the burden this trial imposes on the Puerto Rican District Court. That court, already congested and understaffed, is substantially prejudiced by being required to provide an unprecedented, legally unnecessary jury trial.

Withdrawal of our mandate, moreover, would not substantially prejudice the rights of the Union defendants. They will, of course, be denied a jury trial. But the change will be one in the procedures to be followed; no substantive right of the defendants is being taken away *, and they are not placed in a significantly worse position than they would have enjoyed had our original decision been to deny the jury trial. The defendants have spent considerable time and effort preparing for their challenge of the Puerto Rican jury selection procedure. While this process might contribute to the administration of justice, there is no vested interest in bringing the challenge in the instant case. A more appealing case might exist if the preparation involved data which would be unusable in other cases. Here, however, the work was done by a public interest legal group and presumably would be available in other cases, or to the court wholly apart from any particular case.

We conclude that the prior order and opinion in this case should be withdrawn, as our original decision was demonstrably wrong and created manifest injustice.

---

* We note that a supervening Supreme Court decision has led to recall of mandate of an appellate court decision even where the substantive rights of the parties were involved. *Luminous Unit Co. v. Freeman-Sweet Co.*, 3 F.2d 577 (7th Cir. 1924).