**Hurie JONES, Plaintiff-Appellant,**

v.

**ORLEANS PARISH SCHOOL BOARD, Defendant-Appellee.**

**No. 81–3204.**

United States Court of Appeals, Fifth Circuit.

Oct. 4, 1982.

Rehearing and Rehearing En Banc Denied Nov. 16, 1982.

---

Hurie Jones, pro se.

Franklin V. Endom, Jr., Charles T. Curtis, Jr., New Orleans, La., for defendant-appellee.

ON SUGGESTION FOR REHEARING
EN BANC

(Opinion June 21, 5 Cir., 1982, 679
F.2d 32)

Before GARZA, POLITZ and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

In this case the Orleans Parish School Board filed a petition suggesting a rehearing en banc of our panel opinion, 679 F.2d 32 (5th Cir. 1982). Treating the suggestion for rehearing en banc as a petition for panel rehearing, rehearing is GRANTED. The panel withdraws that portion of its prior opinion titled "II. Due Process" and that portion titled "V. Conclusion". Upon careful reconsideration, the panel concludes that Jones' claim under 42 U.S.C. § 1983 of a due process of law violation under the Fourteenth Amendment is barred by the Louisiana prescription statute.

We do not restate the complicated factual situation. We need only say that after a leave of absence as a tenured teacher in the Orleans Parish Public Schools, Hurie Jones was terminated for having "abandoned [his] position". Jones claimed that he was terminated as an instance of racial discrimination, suing under 42 U.S.C. §§ 1981 and 1983, and that his procedural due process rights had been violated by the school board's actions under 42 U.S.C. § 1983. Further, his claim of racial discrimination was also based upon Title VII, 42 U.S.C. § 2000e et seq.

In our prior opinion, we affirmed the decision of the district court that a Title VII claim of racial discrimination had not been established. We applied the Louisiana one-year statute of limitations, La.Civ.Code, art. 3536, in barring his claim of racial discrimination under § 1981. However, we decided that the § 1983 due process claim was not time-barred because we applied the three-year limitations period of La.Civ. Code, art. 3538, basing our decision on his status as a tenured teacher and his suit for reinstatement and back pay.

██ Reconsideration of our holding with respect to the applicable prescription period of the § 1983 claim under the Louisiana statutes convinces us that the one-year prescriptive period of art. 3536 is applicable to the 1983 due process claim as well. We substitute the following for the section of the prior opinion titled "II. Due Process," 679 F.2d at 36.

## II. Due Process

The one-year Louisiana prescriptive limitations period applies to "offenses and quasi-offenses." La.Civ.Code, art. 3536. The claim by Jones that his procedural due process rights had been violated in his termination by the Orleans Parish School Board is a charge of an "offense" in the nature of a constitutional tort against the school board.

It is well established in decisions in this Circuit that wrongs committed by Louisiana state officials in violation of federal law are considered to be torts subject to the one-year prescriptive period. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980); *Proctor v. Flex*, 567 F.2d 635 (5th Cir. 1978); *Humble v. Foreman*, 563 F.2d 780 (5th Cir. 1977), *reh. denied*, 566 F.2d 106.

Moving more specifically to the kind of governmental action charged in this case, we have also held that unauthorized public actions against tenured teachers, including procedural defaults, are treated as torts for purposes of statutes of limitations. *Braden v. Texas A&M University System*, 636 F.2d 90 (5th Cir. 1981); *Rubin v. O'Koren*, 644 F.2d 1023 (5th Cir. 1981); *Heyn v. Bd. of Supervisors of Louisiana State University*, 417 F.Supp. 603 (N.D.La.1976), *aff'd*, 550 F.2d 1282 (5th Cir. 1977). Finally, we find no specific code provision or decision in Louisiana which would authorize the application of the three-year statute of limitations to the Jones procedural claims.

In the light of these decisions, we must conclude that *Pegues v. Morehouse Parish School Bd.*, 632 F.2d 1279 (5th Cir. 1980), *cert. denied*, 451 U.S. 987, 101 S.Ct. 2322, 68 L.Ed.2d 844 (1981), does not, standing alone, support the application of the three-year prescriptive period in this case. While the Court speculated in that case that the three-year Louisiana prescription period might apply to a tenured teacher who sued for violation of his contractual rights, the actual holding was to the effect that a claim of racial discrimination was barred under the one-year limitation period. We cannot find sufficient authority in *Pegues* to establish that the three-year period is applicable to this claim of a constitutional due process violation. We conclude that Jones' due process claim under § 1983 also is time-barred.

██ Upon rehearing, therefore, we substitute the following statement of the Court's conclusion for that contained in our earlier opinion, 679 F.2d at 38.

## V. Conclusion

We hold that the court below was correct in concluding that Jones' claims of racial discrimination under §§ 1981 and 1983 were time-barred by the one-year limitations period of La.Civ.Code, art. 3536. We also affirm the holding of the court below that the § 1983 due process claim was time-barred under the same Louisiana prescriptive code provision. We affirm the court's judgment against Jones on the Title VII claim since the record contains no evidence showing that Jones was terminated on account of his race. The state law claims posed by Jones are not properly before us on this appeal.

AFFIRMED.