Arthur **JUDKINS**, Plaintiff-Appellant,

v.

**BEECH AIRCRAFT CORPORATION, James Killingsworth, Seymour Coleman, Ed Stacey and Chuck Palmiter, Defendants-Appellees.**

No. 83–7307

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Jan. 23, 1984.

---

Geraldine Turner, Carolyn Gaines-Varner, Selma, Ala., for plaintiff-appellant.

William F. Gardner, Birmingham, Ala., for Beech Aircraft Corp.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

Arthur Judkins' Title VII claim was dismissed by the district court because he was five days late in complying with a magistrate's order to file more exact pleadings. We find that this dismissal was an abuse of discretion; we therefore reverse and remand.

Judkins was discharged from his employment on July 17, 1981, and filed a complaint with the EEOC on August 24, 1981. Judkins received a right-to-sue letter from the EEOC on January 28, 1982. Judkins filed this letter and a motion for appointment of counsel with the district court on April 20, 1982. On September 3, 1982, the magistrate to whom the case was referred issued an order denying the request for counsel and requiring Judkins to file a complaint within twenty days of September 3 or the file would be closed. Judkins filed his complaint on September 28, 1982, five days late. The district court found that Judkins' failure to comply with the magistrate's order required dismissal of his Title VII claim.

This case is controlled by *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544 (5th Cir.1978). The *Wrenn* court held that in "the special context of Title VII, the statutory requirement that an action be 'brought' within the [90 day] time period is satisfied by presenting a right-to-sue letter to the court and requesting the appointment of counsel." *Id.* at 546. Here Judkins filed his right-to-sue letter and request for counsel on April 20, 1982, within the 90-day time period. Under *Wrenn*, Judkins' action was "brought" as of April 20, and the 90-day statutory time provision was satisfied. It is true that the magistrate to whom this matter was referred denied Judkins' request for counsel and set a date certain for Judkins to file a more exact complaint. It is also true that Judkins was 5 days late in filing his more exact complaint. Defendants-appellees argue that the filing of the right-to-sue letter and request for counsel merely tolls the running of the 90-day period, that the time period expires on the date certain set by the magistrate, that therefore Judkins has failed to comply with the statutory precondition, and thus his case must be dismissed. We reject that argument. As discussed above, the filing of the right-to-sue letter and request for counsel does not merely toll the time limit, but *satisfies* same. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d at 546–47.

Judkins' delay in filing his more exact complaint is analogous to failure by the plaintiff in *Wrenn* to pay his filing fee by the date certain set by the district court there. As in *Wrenn*, the proper standard to be applied in evaluating a motion to dismiss for failure to comply with the magistrate's order is Fed.R.Civ.P. 41(b). The *Wrenn* court held: "[D]ismissal under Fed.R.Civ.P.

41(b) for failure to comply with an order of the district court is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice." 575 F.2d at 546. The district court in this case made no finding of clear delay or contumacious conduct, and there is no hint thereof in the record.

Under these circumstances, we conclude that the district court abused its discretion in dismissing Judkins' Title VII claim.

REVERSED and REMANDED.