Arthur **JUDKINS**, Plaintiff-Appellant,

v.

**BEECH AIRCRAFT CORPORATION, James Killingsworth, Seymour, Coleman, Ed Stacey and Chuck Palmiter,** Defendants-Appellees.

No. 83–7307.

United States Court of Appeals, Eleventh Circuit.

Oct. 15, 1984.

---

Arthur Judkins, pro se.

Geraldine Turner, Carolyn Gaines-Varner, Selma, Ala., for plaintiff-appellant.

William F. Gardner, Birmingham, Ala., for Beech Aircraft Corp.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

BY THE COURT:

Appellee ("Beech") moves to recall a mandate of this court issued January 23, 1984.

In earlier proceedings in this case, we held in the context of a Title VII case that the filing of an EEOC right-to-sue letter and a request for appointment of counsel satisfies the statutory requirement that a lawsuit be brought within 90 days from the issuance of the right-to-sue letter, 42 U.S. C.A. § 2000e–5(f)(1), if, in fact, the filing was made within the 90-day time frame. *Judkins v. Beech Aircraft Corp.*, 723 F.2d 818 (11th Cir.1984). That holding was required by our prior opinion in *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544 (5th Cir.1978).[1]

Subsequent to our decision in *Judkins, supra,* the United States Supreme Court announced its decision in *Baldwin County Welcome Center v. Brown,* — U.S. ——, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). In *Baldwin County,* the Court held that the filing of an EEOC right-to-sue letter[2] does

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

2. Plaintiff in *Baldwin County,* as in this case, moved for appointment of counsel at the same time she filed her right-to-sue letter with the district court. *Baldwin County Welcome Center v. Brown,* — U.S. ——, ——, 104 S.Ct. 1723, 1724, 80 L.Ed.2d 196, 200 (1984).

not satisfy the 90-day statutory limitation period, —— U.S. at ——, 104 S.Ct. at 1724–25, 80 L.Ed.2d at 201, thus flatly rejecting the legal basis for our decision in *Judkins, supra.*

Beech argues, and we agree, that this court has the power to recall its mandate if, as here, there has been a supervening change in the law. *Page v. St. Louis Southwestern Ry. Co.*, 349 F.2d 820 (5th Cir.1965); *see also In re Union Nacional de Trabajadores*, 527 F.2d 602 (1st Cir. 1975); *cf.* 11th Cir.R. 27(b) ("A mandate once issued shall not be recalled *except to prevent injustice* ") (emphasis added). We recognize that *Baldwin County* effectively reverses our decision as to the effect of the filing of the right-to-sue letter, and we hereby modify that aspect of our decision in *Judkins, supra.* However, *Baldwin County* is ultimately based upon the requirement that a Title VII plaintiff, like any other federal plaintiff, file a proper complaint within the meaning of Fed.R. Civ.P. 8(a)(2). —— U.S. at ——, 104 S.Ct. at 1724, 80 L.Ed.2d at 201. Fed.R.Civ.P. 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A right-to-sue letter, the district court in *Baldwin* had held, does not qualify as a complaint under Rule 8 because "there [is] no statement in the letter of the factual basis for the claim of discrimination ...." *Baldwin County*, —— U.S. at ——, 104 S.Ct. at 1724, 80 L.Ed.2d at 200.

On the other hand, in conjunction with the filing of his right-to-sue letter in this case, Judkins also filed the EEOC "Charge of Discrimination." In the "charge," Judkins lays out the "factual basis for the claim of discrimination," —— U.S. at ——, 104 S.Ct. at 1724, 80 L.Ed.2d at 200, in considerable detail. *Compare* Form 9, Fed.R.Civ.P. The "charge" more than adequately complies with the "short and plain statement" requirement of Rule 8(a)(2).

Therefore, we conclude that Judkins' initial filings in this case met the requirements of *Baldwin County* and, thus, satis-fied the 90-day statute of limitations. Beech's extraordinary motion to recall the mandate issued in *Judkins v. Beech Aircraft Corp.*, 723 F.2d 818 (11th Cir.1984), is accordingly

DENIED.