**L. Hue FIRLE, Plaintiff-Appellant,**

v.

**MISSISSIPPI STATE DEPARTMENT OF EDUCATION, Defendant-Appellee.**

No. 84–4804
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 10, 1985.

Firnist J. Alexander, Jr., Jackson, Miss. (Court Appointed-Not Under Act), for plaintiff-appellant.

Edwin Lloyd Pittman, Atty. Gen., Sara E. DeLoach, Sidney J. Martin, Jackson, Miss., for defendant-appellee.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

TATE, Circuit Judge:

The sole issue raised by the plaintiff Firle's appeal is whether the district court erred in dismissing, as time-barred, his Title VII employment-discrimination suit, 42 U.S.C. §§ 2000e *et seq.* Under the statute, the action was required to be filed within 90 days of receipt from the Equal Employment Opportunity Commission (EEOC) of a notice of a right to sue upon the charge presented to the Commission. 42 U.S.C. § 2000e–5(f)(1). Firle filed with the district court within this period his notice of right to sue and a request for appointment of counsel, but a pleading stating his claim

was not filed until some seven and one-half months late. Compelled (as was the district court) by *Baldwin County Welcome Center v. Brown*, —— U.S. ——, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), we affirm, since under *Brown* the filing of the notice of a right to sue did not constitute an adequate pleading giving the defendant fair notice of the plaintiff's claim.

The facts in the present case are generally identical with those in *Brown, supra.* On January 21, 1983, the EEOC issued to the plaintiff his notice of right to sue. Identically with the notice issued in *Brown*, the notice informed Firle that he was required to file suit in the appropriate federal district court within 90 days of receipt of the notice, *Brown, supra,* —— U.S. at ——, 104 S.Ct. at 1724, and it also informed him that if he was unable to retain a lawyer, the court within its discretion could appoint one, *id.,* —— U.S. at ——, 104 S.Ct. at 1727 (Stevens, J., dissenting). As in *Brown, id.,* the notice concluded:

In order to apply for an appointed attorney, you should, well before the expiration of the above ninety (90) day period, take this notice along with any correspondence you have received from the Justice Department or the Equal Employment Opportunity Commission to the Clerk of the United States District Court in Jackson, Mississippi.

In what a layman might presume to be compliance with these instructions, Firle filed his right-to-sue notice with the district court on March 7, 1983 (some forty days after receipt by him of the notice), and he likewise on that date filed a financial affidavit and requested appointment of an attorney. Due to normal (unfortunately) delays in the judicial process, not until May 3, 1983 was an attorney appointed. That attorney filed what was termed an "Amended Complaint" on December 21, 1983, some seven and one-half months after expiration of the 90-day filing period.

In *Brown*, the request for an appointment of attorney was denied and no complaint was filed. However, the court gratuitously commented that if an amended

complaint were filed, it could not relate back to the initial filing, Fed.R.Civ.P. 15(c). The reasoning was that the initial "pleading", the right-to-sue notice, did not give the requisite initial timely "'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Brown, supra,* —— U.S. at ——, n. 3, 104 S.Ct. at 1725 n. 3.

Under the holdings and expressions in *Brown,* the district court correctly held (a) that Firle's filing of the right-to-sue notice and request for appointment of counsel were not an adequate pleading that timely commenced the action; and (b) that the amended complaint could not relate back to this original documentary filing.

Firle correctly points out that under generically identical facts we have previously held that a Title VII claimant's timely filing of the right-to-sue notice and request for appointment of counsel is sufficient compliance with the statutory requirement that the action be commenced within 90 days. *Wrenn v. American Cast Iron Pipe Company,* 575 F.2d 544 (5th Cir.1978); *see also Neal v. IAM Local Lodge 2386,* 722 F.2d 247 (5th Cir.1984) (three months prior to *Brown* ). We must regard these decisions as overruled by the Court in *Brown,* as did the Eleventh Circuit (bound by the pre-Eleventh Fifth Circuit *Wrenn* precedent) in *Judkins v. Beech Aircraft Corporation,* 745 F.2d 1330 (11th Cir.1984) (on rehearing) (initial opinion had followed *Wrenn* ).

Firle argues that the Supreme Court in *Brown* did not rule out, as adequate initial pleading, a statement of the claim, however informal (such as by a letter), that accompanies the filing of the right-to-sue notice. —— U.S. at ——, n. 4, 104 S.Ct. at 1725 n. 4. (The Eleventh Circuit so recognized in *Judkins, supra,* in holding that the timeliness of the commencement of the action was saved by the claimant filing the initial EEOC *charge* of discrimination with the federal district court, as well as the right-to-sue notice and request for appointment of counsel. 745 F.2d at 1332.)

Here, however, in addition to the right-to-sue notice, the claimant filed only a request for appointment of counsel (specifically ineffective under *Brown* as a commencement pleading) and a copy of his notice of termination as a probationary employee by his employer. Under *Brown,* neither adequately gave notice to the defendant employer of what the plaintiff's claim was and the grounds upon which it rested. (From the amended complaint, the grounds were due process failure and racial discrimination).

Accordingly, we AFFIRM the dismissal of the plaintiff's suit.

AFFIRMED.