**Robert JACKSON, Jr.**

v.

**PALA, INCORPORATED, et al.**

**Civ. A. No. 84–183–B.**

United States District Court, M.D. Louisiana.

Nov. 16, 1985.

Louis Quinn, Gary, Field, Landry & Dornier, Baton Rouge, La., for plaintiff.

William R. D'Armond, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, La., for defendants.

POLOZOLA, District Judge.

Robert Jackson, Jr. filed suit against Pala, Incorporated ("Pala") and Tom

McCurley ("McCurley") seeking damages under 42 U.S.C. § 2000e–5, the Fifth Amendment to the United States Constitution, and 42 U.S.C. § 1981. Plaintiff contends that Pala, plaintiff's employer, and McCurley, his superintendent, terminated him because of his race.

■ Pala and McCurley have moved for summary judgment on Jackson's Title VII claim on the grounds that Jackson's suit was filed more than 90 days after receipt of the right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Defendants contend the 90 day time period set forth in § 2000e–5(f)(1) is a jurisdictional prerequisite to filing a Title VII suit. In his opposition to defendants' motion, Jackson contends that recent jurisprudence by the Supreme Court and the Fifth Circuit Court of Appeals has held that this 90 day period is a statute of limitations which is subject to equitable tolling, waiver, and estoppel. Plaintiff argues that equitable principles should apply in his case.

In *Zipes v. Trans World Airlines*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court held that timely filing of an employment discrimination charge with the EEOC is not a jurisdictional prerequisite to a Title VII suit. The court stated in *Zipes* that the time limit for filing a charge is subject to waiver, estoppel, and equitable tolling. In *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), the court indicated that equitable principles could be applied to toll the running of the 90 day statutory period to commence a Title VII action, although no equitable basis for tolling the statute was found in that case. Further, in *Espinoza v. Missouri Pacific Railroad Co.*, 754 F.2d 1247 (5th Cir.1985), the Fifth Circuit, citing *Baldwin County*, held that the 90 day requirement, as a nonjurisdictional statutory precondition to suit, may be subject to tolling and waiver. 754 F.2d at 1248 n. 1.

The law is clear that the 90 day period in which to file suit may be extended by equitable principles. Thus, Jackson's com-

plaint is not *automatically* precluded by his failure to bring this suit within 90 days after receipt of the right-to-sue letter. However, there are no facts presented in this case which would permit the Court to extend the deadline for filing suit from September 4, 1983, the end of the 90 day period, to February 22, 1984, more than eight months after receipt of the right-to-sue letter.

In *Baldwin County*, 104 S.Ct. at 1725–26, the court cited with approval a case decided by the Sixth Circuit Court of Appeals, *Harris v. Walgreen's Distribution Center*, 456 F.2d 588 (6th Cir.1972), which held that the statutory period for filing suit was tolled while a motion for appointment of counsel was pending. The *Harris* court stated that the plaintiff should be allowed a reasonable time after counsel had been appointed within which to file suit, using the statutory period as a guide. 456 F.2d at 592.

The mere filing of a motion for appointment of counsel in a Title VII suit does not, however, constitute commencement of the action. In *Firle v. Mississippi State Department of Education*, 762 F.2d 487, 489 (5th Cir.1985), the Fifth Circuit Court of Appeals noted that the *Baldwin County* decision had overruled previous Fifth Circuit cases which had held that filing a motion for appointment of counsel was sufficient compliance with the statutory 90 day requirement. Thus, Jackson's reliance on these decisions which have now been overruled is useless.

In *Firle*, plaintiff timely filed a motion for appointment of counsel. However, the attorney appointed by the court waited over seven months after his appointment to file the Title VII suit. The Fifth Circuit held that the filing of the motion for appointment of counsel had not commenced the action since it did not give the defendant timely "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Firle*, 762 F.2d at 489, quoting *Baldwin County*, 104 S.Ct. at 1725 n. 3.

The facts of this case are almost identical to those of *Firle*. Jackson timely filed a

motion for appointment of counsel, which was granted after the 90 day statutory period had expired. His court-appointed counsel then waited eight months to file suit. No other pleadings were filed in the record except the motion for appointment of counsel. Since the Supreme Court has held that filing a motion for appointment of counsel does not give sufficient timely notice to the defendants, and since Jackson has failed to set forth sufficient equitable principles to justify tolling for eight months the statute of limitations, the defendants' motion for summary judgment on Jackson's Title VII claim must be granted.

■ Pala and McCurley also have moved for summary judgment on Jackson's second cause of action which was filed pursuant to 42 U.S.C. § 1981 and the Fifth Amendment to the United States Constitution. Defendants contend this second cause of action should be dismissed because: (1) they are not governmental entities; and (2) plaintiff's suit on his second cause of action has prescribed. Defendants' first contention is without merit. A cause of action based on 42 U.S.C. § 1981 *is* applicable to private parties for private discriminatory acts. *Sanders v. Dobbs House, Inc.,* 431 F.2d 1097, 1099 (5th Cir. 1970); *Long v. Ford Motor Co.,* 496 F.2d 500 (6th Cir.1974), and cases cited therein at 503 n. 4.

■ Pala and McCurley further contend that Jackson's § 1981 action is time barred since it was filed more than one year after his employment was terminated.[1] Since there is no specifically stated or otherwise relevant federal statute of limitations for claims under § 1981, the controlling period would ordinarily be the most appropriate period provided by state law. *Board of Regents v. Tomanio,* 446 U.S. 478, 485, 100

S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980); *Johnson v. Railway Express Agency,* 421 U.S. 454, 465, 95 S.Ct. 1716, 1721–22, 44 L.Ed.2d 295 (1975). The Fifth Circuit has held that the general one year tort prescription statute, Louisiana Civil Code article 3492[2] applies in suits filed under § 1981. *Cross v. Lucius,* 713 F.2d 153, 156 (5th Cir.1983); *Jones v. Orleans Parish School Board,* 688 F.2d 342, 344 (5th Cir. 1982).

Jackson, in his brief, admits that his suit was not filed within the applicable prescriptive period. He contends, however, tht he should not be penalized for the oversight of his appointed counsel when Jackson "did everything he knew to do to have his claim be heard by the Court."

Where the state statute of limitations has been "borrowed," the state rules of tolling are also included. *Board of Regents v. Tomanio,* 446 U.S. at 485, 100 S.Ct. at 1795. The only equitable tolling allowed under Louisiana law is under the doctrine of *contra non valentem agere nulla currit praescriptio,* which generally applies only in extremely limited circumstances. *Cross v. Lucius,* 713 F.2d 153, 157 (5th Cir.1983). This doctrine simply means that prescription does not run against a person who could not bring his own suit, but it is only applied in cases where the "defendant has concealed the fact of the offense or has committed acts (including concealment, fraud, misrepresentation, or other 'ill practices') which tend to hinder, impede, or prevent the plaintiff from asserting his cause of action, as long as plaintiff's delay in bringing suit is not willful or the result of his own negligence." *Nathan v. Carter,* 372 So.2d 560, 562 (La. 1979); *Arkansas Natural Gas Co. v. Sartor,* 78 F.2d 924, 928–29 (5th Cir.1935).[3]

---

**1.** Jackson was fired on January 7, 1983; suit was filed on February 22, 1984.

**2.** Louisiana Civil Code article 3492 provides: Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.
This article replaced article 3536, which was cited in *Cross* and *Jones.*

**3.** Statutes of limitation are favored in the law, and mere ignorance of one's rights will not toll the statute of limitations under Louisiana law. *Martin v. Mud Supply Co.,* 239 La. 616, 119 So.2d 484, 492 (1960); *Wingate v. National Union Fire Insurance Co.,* 435 So.2d 594, 596 (La. App. 3d Cir.1983).

**1122**

Jackson has made no allegation that the defendants prevented him from bringing this action through fraud or ill practice. It is clear that Louisiana law would not allow equitable tolling of the prescriptive period on Jackson's § 1981 claim based on the facts presented herein. Consequently, Jackson's claim must be dismissed as time barred.

In summary, there is no genuine issue of material fact in dispute that both Jackson's claim under Title VII and his claim under 42 U.S.C. § 1981 were filed outside of the time requirements established by law, and no equitable basis for tolling those time requirements has been established. Thus, the defendants are entitled to summary judgment as a matter of law.

While the Court has sympathy for an individual such as plaintiff, under the facts presented, the Court must be guided by the following words of the Supreme Court in *Baldwin County:*

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. ... "[In] the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." 104 S.Ct. at 1726.

Finally, the Court must note that plaintiff has not served "Bruce Lnu," an unnamed employee who apparently worked for the defendant. Since no service has been made as required by Rule 4 of the Federal Rules of Civil Procedure, the Court shall also dismiss the suit against this defendant.

Therefore:

IT IS ORDERED that the motion of Pala, Incorporated, and Tom McCurley for summary judgment be, and it is hereby GRANTED.

IT IS FURTHER ORDERED that plaintiff's suit be dismissed with prejudice.