IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60515
Summary Calendar
_____


REVES BLACK, JR.,

                                        Plaintiff-Appellant,

                    versus

MISSISSIPPI STATE DEPARTMENT OF
HEALTH,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
(3:97-CV-34LN)
_____
January 23, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Reves Black, Jr. appeals the district court's order dismissing his Title VII race discrimination action because he failed to timely file his complaint. Finding no error, we affirm.

I

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Black filed a charge of racial discrimination with the Equal Employment Opportunities Commission ("EEOC") on May 15, 1996, alleging that he had been passed over for a promotion on the basis of his race and in retaliation for his filing of a previous discrimination charge.  The EEOC issued Black a right to sue letter on October 21, 1996, notifying him of his ninety-day window in which to commence suit.  We presume that Black received the letter on October 24, three days after it was mailed.  See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1, 104 S.Ct. 1723, 1724 n.1, 80 L.Ed.2d 196 (1984); Fed.R.Civ.P. 6(e).[1] Black filed his complaint on January 24, 1997--ninety-two days after receipt of the notice.

The Mississippi State Department of Health ("MSDH") filed a motion to dismiss on February 27, 1997, citing Black's failure to file suit within the ninety-day window.  Black never filed a response and the district court granted the motion and dismissed the action with prejudice on July 25, 1997.  Black appeals that order.

II

We review de novo a district court's ruling on a motion to dismiss under Federal Civil Procedure Rule 12(b)(6).  United

---

[1]Black does not dispute the date on which he received the notice.

States v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 901 (5th Cir. 1997) (citing Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996)). "The question . . . is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Lowrey v. Texas A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). When an affirmative defense bars relief on the face of the complaint, the suit may be dismissed for failure to state a cause of action. Bank of New Orleans & Trust Co. v. Monco Agency, Inc., 823 F.2d 888, 891 (5th Cir. 1987) (citing Mann v. Adams Realty Co., 556 F.2d 288, 293 (5th Cir. 1977)); Kaiser Aluminum v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982), cert. denied, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983).

                              III

Title VII provides that upon receipt of a right to sue letter, "a civil action may be brought . . . within ninety days after the giving of such notice." 42 U.S.C. § 2000e-5(f)(1). This court has consistently held that an untimely action may be dismissed in the absence of conditions amenable to application of equitable doctrines such as tolling. Brown, 466 U.S. at 149-52, 104 S.Ct. at 1723-25; Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992); Huff v. International Longshoremen's Ass'n, 799 F.2d 1087, 1090 (5th Cir. 1986); Ringgold v. National Maintenance Corp., 796

3

F.2d 769, 770 (5th Cir. 1986); <u>Firle v. Mississippi State Dep't of Educ.</u>, 762 F.2d 487, 488-89 (5th Cir. 1985); <u>Espinoza v. Missouri Pacific R. Co.</u>, 754 F.2d 1247, 1249 (5th Cir. 1985) (noting ninety-day requirement is not jurisdictional, but more akin to statute of limitations).

The record contains no evidence demonstrating that the doctrine of equitable tolling (or any other equitable doctrine) should apply. The evidence establishes that Black received his right to sue letter that notified him of the ninety-day deadline and that he simply failed to meet that deadline.[2] The district

---

[2]Black included in the appendix submitted with his brief correspondence between he and the clerk conducted prior to the filing of his complaint. According to a letter to the clerk dated January 18, 1997, Black mailed to the clerk the EEOC's notice of right to sue, a copy of the discrimination charge, a motion for more time in which to file his complaint, and a motion for appointment of an attorney. The Supreme Court held in <u>Brown</u> that the filing of the right to sue letter was insufficient to comply with the rules of civil procedure for the filing of a complaint. <u>Brown</u>, 466 U.S. at 149-50, 104 S.Ct. at 1725; Fed.R.Civ.P. 3, 8(a)(2). This court addressed a similar situation and held the filing of the right to sue notice along with a request for appointment of counsel insufficient to meet the strictures set out in <u>Brown</u>. <u>Firle</u>, 762 F.2d at 489. Although the language in <u>Firle</u> could be read to suggest that we would find sufficient as an initial pleading a statement of the claim--"however informal (such as by a letter)"--, we have never explicitly so held. <u>Id.</u>; <u>but see</u> <u>Brown</u>, 466 U.S. at 150 n.4, 104 S.Ct. at 1725 n.4; <u>Judkins v. Beech Aircraft Corp.</u>, 745 F.2d 1330, 1332 (holding sufficient the filing of the right-to-sue notice and request for counsel along with the initial EEOC discrimination charge). We need not reach this issue here because the correspondence documents included in the appendix attached to Black's brief are not part of the record before us. Black never responded to the motion to dismiss and those papers were never placed before the district court. Hence, we may not

court correctly dismissed this action as untimely and, for the foregoing reasons, we AFFIRM.

A F F I R M E D.

---

consider them.  Fed.R.App.P. 10(a) ("The record on appeal consists of the original papers and exhibits filed in the district court . . . ."); <u>United States v. Hatch</u>, 926 F.2d 387, 395 (5th Cir.), <u>cert. denied</u>, 500 U.S. 943, 111 S.Ct. 2239, 114 L.Ed.2d 481 (1991); <u>Sweet Life v. Dole</u>, 876 F.2d 402, 408 (5th Cir. 1989) (noting "this court is barred from considering filings outside the record on appeal, and attachments to briefs do not suffice.").