# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1123EA

_____

| | | |
|---|---|---|
| Loretta Page, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Arkansas Department of Correction; | * | On Appeal from the United |
| Larry Norris; East Arkansas Regional | * | States District Court |
| Unit; James T. Banks, Assistant | * | for the Eastern District |
| Warden, East Arkansas Regional Unit, | * | of Arkansas. |
| | * | |
| Appellees, | * | |
| | * | |
| Equal Employment Opportunity | * | |
| Commission; J. Glover; M. Riley, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: June 6, 2000

Filed: August 23, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Loretta Page appeals the orders of the District Court dismissing as untimely her action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. For the reasons discussed below, we reverse.

In a charge filed with the Equal Employment Opportunity Commission (EEOC), Page contended that her employer, the Arkansas Department of Correction, discriminated against her on the basis of race, sex, and retaliation. The EEOC issued a right-to-sue letter which Page received on April 16, 1999. On July 8, Page wrote a letter to the District Court, requesting assistance in filing a lawsuit. She submitted several documents with this letter, including her right-to-sue letter and EEOC charge. The charge alleged, in pertinent part, that Page had been "subjected to harassment" from her immediate supervisor and the assistant warden; that her supervisor told her she "did not have the authority to tell a white male employee that work[s] in the mailroom what to do"; that she "was written up" for coming to work early and leaving early, although "[a] white male does this all the time but he was not written up"; and that after she filed a grievance complaining about her differential treatment, her position was posted, and she was told the assistant warden "did not want [her] in that position." She stated her belief that she was being discriminated against because of her race and sex, and in retaliation for filing her grievance, in violation of Title VII.

The District Court docketed Page's documents as a Title VII complaint, but informed her in a July 15 letter that the documents were not in proper form. She submitted an amended complaint on a district court form on August 2.

The District Court dismissed Page's action, holding that it was not filed within the ninety-day time limit of 42 U.S.C. § 2000e-5(f)(1) (aggrieved person may bring civil action against respondent within 90 days of receipt of notice that EEOC has dismissed charge), as the July 8 letter and attachments were insufficient to constitute a complaint under Federal Rule Civil of Procedure 8(a) (pleading shall contain, inter alia, short and plain statement showing that pleader is entitled to relief).

After de novo review, we conclude that Page's July 8 letter and attachments were sufficient to initiate her Title VII proceeding in a timely manner. See Huston v. General Motor Corp., 477 F.2d 1003, 1008 (8th Cir. 1973) (mere presentation of request for appointment of counsel within limitations period constituted bringing of civil

action under Title VII); see also <u>Winbush v. State of Iowa</u>, 66 F.3d 1471, 1477-78 (8th Cir. 1995) (substantial compliance with filing requirements of § 2000e-5(f)(1) – such as making some effort to initiate action – excuse strict compliance with Title VII procedural requirements). We conclude her filing was the substantial equivalent of a complaint. Specifically, the documents presented to the District Court described the alleged discriminatory conduct and invoked Title VII protection. See <u>McClellon v. Lone Star Gas Co.</u>, 66 F.3d 98, 101-03 (5th Cir. 1995) (pro se pleadings accorded liberality; Title VII complaint lacking required elements was still considered to be timely filed); <u>Judkins v. Beech Aircraft Corp.</u>, 745 F.2d 1330, 1331-32 (11th Cir. 1984) (per curiam) (filing of EEOC complaint in district court in conjunction with right-to-sue letter more than adequately complies with complaint requirements); <u>cf. Baldwin County Welcome Ctr. v. Brown</u>, 466 U.S. 147, 149-50 (1984) (per curiam) (district court issued order informing plaintiff that filing was not being regarded as complaint; Supreme Court held that filing of right-to-sue letter alone failed to invoke court's jurisdiction because it lacked, inter alia, short and plain statement of plaintiff's claim).

Accordingly, we reverse the dismissal, and remand for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.