# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3380

_____

| | | |
|---|---|---|
| Benedict Atakpu, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| The School District of Kansas City, | * | |
| Missouri, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: September 6, 2007
Filed: September 26, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Benedict Atakpu appeals from the district court's dismissal of his employment-discrimination action as untimely filed. Upon de novo review, see Koehler v. Brody, 483 F.3d 590, 596 (8th Cir. 2007), we conclude that dismissal was improper because the documents Atakpu submitted to the district court on November 8, 2005, were sufficient to initiate a civil action for purposes of Title VII, and November 8 was within 90 days of August 25, the day Atakpu received a right-to-sue-letter from the Equal Employment Opportunity Commission (EEOC). See 42 U.S.C. § 2000e-5(f)(1) (once EEOC has dismissed charge and notified aggrieved person, aggrieved person may bring civil action within 90 days); Page v. Arkansas Dep't of Corr., 222 F.3d 453,

454-55 (8th Cir. 2000) (plaintiff's Title VII action was timely-filed where she timely submitted her EEOC charge and right-to-sue letter to district court, even though court informed her documents were not in proper form and she later submitted amended complaint after 90-day deadline); Huston v. General Motors Corp., 477 F.2d 1003, 1008 (8th Cir. 1973) (request for appointment of attorney within time limit (then 30 days) is "bringing of the civil action" for purposes of Title VII).

Accordingly, we reverse the dismissal and remand for further proceedings.[1]

_____

_____

[1]We do not consider Atakpu's arguments related to the denials of his motion for a default judgment and motion for relief from judgment because he did not file a proper appeal of those judgments. See Fed. R. App. P. 3(c)(1)(B) (notice of appeal must "designate the judgment, order, or part thereof being appealed"); Fed. R. App. P. 4(a)(4)(B)(ii) (party intending to challenge order disposing of motion after final judgment has been entered must file notice of appeal or amended notice of appeal within time prescribed).