[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-17238
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 21, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 08-00124-CV-1

BILLY D. GANT,

Plaintiff-Appellant,

versus

JEFFERSON ENERGY COOPERATIVE,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Georgia

_____

(September 21, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Billy D. Gant, an African American, appeals pro se the district court's

dismissal sua sponte of his complaint under Title VII of the Civil Rights Act

("Title VII") 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a), and 2000e-5(e)(1) for being

untimely. He filed a lawsuit against his former employer Jefferson Energy Cooperative, alleging wrongful termination, hostile work environment, and retaliation. He filed for and received in forma pauperis status. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the district court reviewed his complaint sua sponte and dismissed it for being untimely because it was filed outside of the 90-day window mandated by law. On appeal, Gant argues that he filed his right-to-sue letter – but not his formal complaint – within 90 days, and that any delay was the fault of a civil rights organization he consulted following his termination.

## I.

Under § 1915(e)(2)(B), a court shall dismiss a case proceeding in forma pauperis "at any time if the court determines that . . . the action or appeal is frivolous or malicious" or "fails to state a claim on which relief may be granted." Dismissal of an in forma pauperis action under § 1915(e)(2)(B)(i) as being frivolous is reviewed for abuse of discretion. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002). An action "is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). Review of a dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is reviewed de novo. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir.), cert. denied, 129 S.Ct. 632 (2008). Pro se briefs and pleadings are to be

2

construed liberally. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to bring a viable claim in court under Title VII, a plaintiff must first exhaust administrative remedies. Wilkerson v. Grinnel Corp., 270 F.3d 1314, 1317 (11th Cir. 2001). First, in a non-deferral state such as Georgia, a plaintiff must file a complaint with the EEOC within 180 days of the alleged discriminatory act or acts. 42 U.S.C. § 2000e-5(1), Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003). Second, upon receiving a right-to-sue letter from the EEOC upon the termination of their investigation, the plaintiff may bring a civil action against the named respondent within 90 days by filing a complaint. 42 U.S.C. § 2000e-5(f)(1). The time limit is non-jurisdictional. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982).

Because it is non-jurisdictional, the time limit is subject to equitable tolling, permitting a court to disregard the late filing under certain circumstances. Id. We have held that "traditional equitable tolling principles require a claimant to justify [his] untimely filing by a showing of extraordinary circumstances." Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007). These include "fraud, misinformation, or deliberate concealment." Id. at 1355. However, "[a]ttorney

3

negligence is not a basis for equitable tolling." Johnson v. Florida Department of Corrections, 513 F.3d 1328, 1333 (11th Cir.), cert. denied, 129 S.Ct. 348 (2008).

The Supreme Court has held that the filing of a right-to-sue letter, without "a short and plain statement of the claim showing that the pleader is entitled to relief," neither satisfies Federal Rule of Civil Procedure 8(a)(1) nor tolls the statute of limitations. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 149, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984). We concluded in Judkins v. Beech Aircraft Corp., 745 F.2d 1330, 1332 (11th Cir. 1984), that the filing of additional documents, such as an EEOC "Charge of Discrimination," with a right-to-sue letter, would comply with the pleading requirements laid out in Baldwin.

After a careful review of the record on appeal and Gant's brief, we find no reversible error. Gant's complaint under Title VII was properly dismissed as being untimely. The district court was correct to dismiss the complaint as filed beyond the 90-day limit. The stamp on the complaint bears the date "August 28, 2008" as does Gant's handwritten date above his signature. He offers no argument that he filed the complaint in a timely manner, only that he filed the right-to-sue letter in a timely manner. Additionally, he does not argue that he filed any other documentation with the right-to-sue letter that would satisfy the requirement of "a short and plain statement of the claim showing that the pleader is entitled to

relief." Further, equitable tolling does not apply in his case because the negligence of an attorney will not excuse lack of timeliness.[1] For the above reasons, we affirm the district court's order dismissing the complaint.

**AFFIRMED.**

---

[1] Gant did not cite to 42 U.S.C. § 1981 before the district court or now on appeal, and he never asked the district court to construe his complaint – filed on a Title VII form – as arising under that provision. Accordingly, we conclude that he has waived any claim in this regard. GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (noting that although we show leniency to pro se litigants, we will not serve as de facto counsel or "rewrite an otherwise deficient pleading in order to sustain an action.")