# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20662

United States Court of Appeals
Fifth Circuit

**FILED**
August 30, 2019

Lyle W. Cayce
Clerk

U.S. Equal Employment Opportunity Commission,

>        Plaintiff

CORY WALDRON,

>        Movant - Appellant

v.

JC WINGS ENTERPRISES, L.L.C., doing business as Bayou City Wings; JC WINGS, LTD.; JG INVESTMENTS ENTERPRISES, L.L.C.; JG INVESTMENTS, LTD.; CK1 ENTERPRISES, L.L.C.; TEN LBS, LTD., doing business as Bayou City Wings,

>        Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-3245

Before ELROD, GRAVES, and OLDHAM, Circuit Judges.[1]

JAMES E. GRAVES, JR., Circuit Judge:*

---

[1] Judge Oldham concurs in the judgment only.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20662

Appellant Cory Waldron filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against his employer, a restaurant doing business as Bayou City Wings. Waldron alleged Bayou City Wings violated his civil rights by firing him after he hired, and refused to fire, a 72-year-old man for a host position. EEOC investigated Waldron's allegations, which ultimately led to the filing of the underlying lawsuit. In its complaint, EEOC asserted Bayou City Wings violated the Age Discrimination in Employment Act ("ADEA") by not hiring people over forty years old to work in "front of house" positions. Waldron moved to join EEOC's lawsuit, and the district court denied his motion. Waldron then moved for reconsideration, or in the alternative to intervene in the lawsuit, and the district court also denied that motion. Waldron now appeals those rulings.

## I. BACKGROUND

In or around 2013, Appellant Cory Waldron worked at Bayou City Wings as a General Manager. On April 13, 2013, Aaron Lieber, Bayou City Wings' Director of Operations, fired Waldron. Waldron said he was given three write-ups that day for alleged tardiness, issues with paperwork, and a "liability issue." Waldron claims the real reason he was terminated was because he hired a 72-year-old man to be a "Host" and "hiring a 72 year old male was against Bayou City Wings policy."

Waldron filed a charge of discrimination with EEOC in May 2013. EEOC investigated Waldron's charge and filed the instant lawsuit against JC Wings Enterprises, LLC d/b/a Bayou City Wings ("JC Wings") on November 3, 2016, alleging JC Wings engaged in age discrimination in violation of the ADEA by refusing to hire individuals within the protected age group for front of house jobs. EEOC sent Waldron a notice of right-to-sue letter on February 15, 2017, which he received on March 4, 2017.

2

No. 18-20662

On May 15, 2017, Waldron filed a motion to join the underlying proceeding. That same day, EEOC filed a motion to amend its complaint to add JC Wings, Ltd., JG Investments Ltd., JG Investments Enterprises, L.L.C., Ten Lbs Ltd., and CK1 Enterprises, L.L.C. (collectively with JC Wings, the "Defendants") to the lawsuit, alleging they operated as an integrated enterprise "sufficient to subject all defendants to liability under" the ADEA. JC Wings opposed both motions.

On June 22, 2017, the district court granted EEOC's motion to amend and EEOC subsequently filed its amended complaint. However, Waldron's motion to join remained pending until March 13, 2018, when the district court denied it. Approximately twenty-eight days later on April 10, 2018, Waldron filed a motion to reconsider the denial or in the alternative a motion for leave to intervene. In his motion, Waldron also requested that if the district court denied reconsideration and leave to intervene, that the district court equitably toll any administrative deadlines that may affect Waldron's ability to file a separate case. EEOC filed a response in support of Waldron's motion, while the Defendants opposed it.

Prior to the district court ruling on Waldron's motion to reconsider/intervene, EEOC and Defendants jointly moved the district court to stay the proceedings to facilitate settlement discussions. The district court granted the motion, staying all deadlines for thirty days. Towards the end of the thirty days, EEOC and Defendants moved for another thirty day stay. Concerned about the progression of the case, Waldron filed a motion for an expedited ruling on his motion to reconsider/intervene. However, that same day the district court stayed all deadlines for another thirty days. On September 5, 2018, the district court denied Waldron's motion to reconsider/intervene in its entirety.

3

No. 18-20662

Waldron filed a notice of appeal on September 27, 2018. On October 2, 2018,[2] the district court entered a consent decree wherein EEOC and Defendants "agreed that this lawsuit should be finally resolved by entry of this Decree." The consent decree also stated that "the Court will retain jurisdiction of this matter to enforce this Decree."

## II. DISCUSSION

**A. Motion to Join**

Waldron challenges the district court's denial of his motion to join pursuant to Federal Rule of Civil Procedure 20. As a general matter, 28 U.S.C. § 1291 "vests the courts of appeals with jurisdiction over appeals only from 'final decisions' of the district courts . . . ." *Mitchell v. Forsyth*, 472 U.S. 511, 524 (1985). "Ordinarily orders granting or denying joinder or substitution are not final." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 520 (5th Cir. 2010) (citing 15B Charles A. Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure* § 3914.18 (2d ed. 2002)). This is so because "under Rule 21 '[m]isjoinder of parties is not a ground for dismissing an action'" because it generally leaves at least one plaintiff "to pursue his or her claims to a final judgment." *Id.* (first set of quotations quoting Fed. R. Civ. P. 21).

Although the district court entered a consent decree, it is not clear to us that it is a final order within the meaning of § 1291, as it did not dismiss the case and the district court retained jurisdiction for three years. When queried at oral argument, Waldron's counsel stated he believed there was a final judgment entered after the consent decree which would make his motion appealable. However, a review of the record reveals no such judgment. While there is some support for treating a consent decree as a final judgment, the

---

[2] The district court filed a corrected consent decree on October 9, 2018.

cases tend to turn on the specifics of each case and decree. *See Edwards v. City of Houston*, 78 F.3d 983, 991 (5th Cir. 1996) (*en banc*); *Alberti v. Klevenhagen*, 46 F.3d 1347, 1364 (5th Cir. 1995).

Even if we were to determine the consent decree is a final order under § 1291, Waldron filed his notice of appeal prior to the entry of the consent decree. "[A] premature notice of appeal operates as a valid one 'only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment.'" *United States v. Cooper*, 135 F.3d 960, 963 (5th Cir. 1998) (quoting *FirsTier Mortg. Co. v. Inv'rs Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991)). Nevertheless, "[t]his is not to say that Rule 4(a)(2) permits a notice of appeal from a clearly interlocutory decision—such as a discovery ruling or a sanction order under Rule 11 of the Federal Rules of Civil Procedure—to serve as a notice of appeal from the final judgment." *FirsTier*, 498 U.S. at 276. In this instance, we conclude the district court's ruling on Waldron's motion for joinder is a "clearly interlocutory decision" that does not render valid his premature notice of appeal, especially where Waldron does not—and cannot—appeal the consent decree itself. *See Edwards*, 78 F.3d at 993 ("It is well-settled that one who is not a party to a lawsuit, or has not properly become a party, has no right to appeal a judgment entered in that suit."). Accordingly, we determine we are without jurisdiction to consider the district court's ruling on Waldron's motion to join the underlying lawsuit.

**B. Motion to Intervene**

The jurisdictional issue that plagues Waldron's joinder appeal does not affect his appeal of the district court's ruling on his motion to intervene, as "[t]his Court clearly has appellate jurisdiction from the denial of a motion to intervene as of right." *Trans Chem. Ltd. v. China Nat. Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 821 (5th Cir. 2003) (citing *Edwards v. City of Houston,* 78

No. 18-20662

F.3d 983, 992 (5th Cir. 1996) (en banc)). In reviewing a ruling on a motion to intervene as of right, our review is *de novo*. *Id.* at 822.

Pursuant to Federal Rule of Civil Procedure 24(a), a court *must* permit anyone to intervene as of right where they are "given an unconditional right to intervene by a federal statute" or they claim "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). The potential intervenor must satisfy all four requirements to intervene as of right. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984). The district court denied Waldron's motion to intervene under Rule 24(a) without explanation.[3] We conclude the district court did not abuse its discretion in denying Waldron's motion under Rule 24(a) because Waldron did not file his motion to intervene within the ninety-day prescription period mandated by the ADEA.[4] Waldron therefore did not have an interest in the lawsuit because his claim was barred by his failure to file a lawsuit—or a motion to intervene—within ninety days of receiving his notice of right-to-sue letter.

---

[3] The district court also denied Waldron's motion for permissive intervention under Rule 24(b). Waldron mentions permissive intervention in passing, but he does not outline the standard for permissive intervention or make any argument other than his argument for intervention as of right. Accordingly, we conclude that Waldron waived this argument. *United States v. Reagan*, 596 F.3d 251, 255–56 (5th Cir. 2010) (citing *United States v. Stalnaker*, 571 F.3d 428, 439–50 (5th Cir. 2009); Fed. R. App. P. 28(a)(9)(A) ("The appellant's brief must contain . . . [the] appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.")).

[4] "29 U.S.C. § 626(e) . . . provides that if a charge filed with the EEOC is dismissed or the proceedings are otherwise terminated, the EEOC must notify the complainant, who may then bring a civil action within ninety days after receipt of the EEOC notice." *Julian v. City of Houston, Tex.*, 314 F.3d 721, 726 (5th Cir. 2002). Waldron stated he received the notice of right to sue letter on March 4, 2017, making June 2, 2017, the last day of the prescription period.

As for his request for equitable tolling, Waldron argues the district court erred in denying him equitable tolling because the ruling effectively denies him his day in court. He asserts the district court should have tolled the ninety-day window for him to file suit because "courts have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992). Defendants point out that this leniency is generally reserved for claimants who inadvertently miss deadlines due to a lack of sophistication, and Waldron is represented by an experienced employment law attorney. We agree, perceiving no basis for equitable tolling on this record.

## III. CONCLUSION

We DISMISS Waldron's appeal of the denial of his motion to join for lack of jurisdiction. As for Waldron's motion to intervene, we AFFIRM the ruling of the district court.

No. 18-20662

JENNIFER WALKER ELROD, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority opinion's conclusion that we lack jurisdiction to consider the district court's ruling on the motion to join. However, I part company with the majority opinion on its resolution of the intervention issue. In *Baldwin County Welcome Center v. Brown*, the Supreme Court indicated that a filed document can be considered a complaint for purposes of Title VII's analogous ninety-day prescription period if the document contains a "short and plain statement of the claim showing that the pleader is entitled to relief" in accordance with Federal Rule of Civil Procedure 8(a). 466 U.S. 147, 149–50 (1984) (quoting Fed. R. Civ. P. 8(a)). Other circuits have applied *Baldwin County* to hold that a document other than a complaint, such as a motion for appointment of counsel, satisfied the ninety-day rule. *See, e.g.*, *Robinson v. City of Fairfield*, 750 F.2d 1507, 1511–12 (11th Cir. 1985); *Page v. Ark. Dep't of Corr.*, 222 F.3d 453, 454–55 (8th Cir. 2000).

Waldron's motion to join specified that he asserted a retaliation claim under the ADEA and set out facts underlying that claim which, if true, would entitle him to relief. This meets *Baldwin County*'s and Rule 8(a)'s "short and plain statement" requirement. Indeed, Defendants' counsel conceded as much at oral argument. Accordingly, I would hold that Waldron's motion to join satisfied the ninety-day rule in this case, so his motion to intervene was not barred by 29 U.S.C. § 626(e). Reaching the merits of the intervention issue, I would then hold that the district court erred in denying Waldron's Federal Rule of Civil Procedure 24(a) motion to intervene. *See Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015) ("Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." (quoting *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014)); *In re Lease Oil*

8

*Antitrust Litig.*, 570 F.3d 244, 250 (5th Cir. 2009) (holding that an intervention was timely even though the party waited two years after becoming aware of its interest in the lawsuit to intervene).