The HAVERHILL GAZETTE COMPANY, Appellant,

v.

UNION LEADER CORPORATION, Appellee.

UNION LEADER CORPORATION, Appellant,

v.

The HAVERHILL GAZETTE COMPANY, Appellee.

Nos. 6175, 6191.

United States Court of Appeals
First Circuit.
July 6, 1964.

Robert H. Goldman, Lowell, Mass., with whom Frank Goldman, Lowell, Mass., Joseph F. Bacigalupo, Lawrence, Mass., and Goldman, Goldman & Curtis, Lowell, Mass., were on brief, for The Haverhill Gazette Company.

James M. Malloy and Ralph Warren Sullivan, with whom Malloy, Sullivan & Sullivan, Boston, Mass., was on brief, for Union Leader Corporation.

Before HARTIGAN and ALDRICH, Circuit Judges, and GIGNOUX, District Judge.

PER CURIAM.

Union Leader's unusual procedure in moving this court to recall the mandate after its motion for stay had been denied and the mandate had issued, and the unusual allegations made in its motion, call for brief comment. In the first place it is to be noted that the mandate will not result in a final judgment, and does not call for execution to issue, with respect to Gazette's claim against Union Leader, but means only that the hearings will resume with respect to the determination of damages, which, in Union Leader's opinion, means needless expense. If our decision was in error, and should be reversed by the Supreme Court, it is true that this would constitute wasted effort. A potentiality of wasted effort exists every time a court refuses to stay proceedings and accept an interlocutory appeal. Nonetheless, it is basic to the orderly rendering of justice that litigation proceed without unnecessary interruptions even at such risk. There must be here, as there, a weighing of competing considerations.

In this particular case the district court recited in its original decision that Haverhill was a one newspaper area, and that ultimately only one newspaper can survive. This finding has never been vacated, or even attacked. In one manner or another, and we intend no criticism, this litigation has been in active progress since January 1959, during which period the competition has uninterruptedly continued. The finding of substantial violations of the Sherman Act by Union Leader still stands, and is, in our opinion, presently final. Under these circumstances we do not believe that orderly procedure requires at this stage a suspension of all proceedings.

With regard to the identity of the new special master appointed by the district court, that matter is not before us even if, if it is Union Leader's suggestion, he is an inappropriate selection. We do not, by this, mean to intimate that he is inappropriate, and perhaps we even err in thinking that this may be what Union Leader is suggesting.

Finally, Union Leader contends that its filing of an affidavit of prejudice, Matter of Union Leader Corporation, 1 Cir., 292 F.2d 381, and the actions of this court, have created an atmosphere of

hostility which entitles it to a change of venue. We are not presently aware of any such hostility, but will naturally not make any final determination of that matter until the time is ripe. We do say, however, that its present allegations in this respect do not warrant a recall of mandate.

The motion is denied.