# United States Court of Appeals
## For the First Circuit

No. 04-1031

TOMAS DE JESUS-MANGUAL and JORGE L. MEDINA,
Plaintiffs, Appellants,

v.

ANABELLE RODRIGUEZ, Secretary of Justice of the
Commonwealth of Puerto Rico,
Defendant, Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. Garcia-Gregory, U.S. District Judge]

Before

Lynch, Lipez, and Howard, Circuit Judges.

Juan R. Marchand Quintero on brief for appellant.

Roberto J. Sanchez Ramos, Solicitor General, Camelia
Fernandez Romeu, Assistant Solicitor General, and Kenneth Pamias
Velasquez, Deputy Solicitor General, on brief for Appellee.

September 2, 2004

**LYNCH**, **Circuit Judge**.  This appeal arises from the aftermath of our decision in Mangual v. Rotger-Sabat, 317 F.3d 45 (1st Cir. 2003), which resolved some but not all of the claims against the constitutionality of Puerto Rico's criminal libel statute presented by the plaintiffs in the initial litigation.

The district court construed our remand order and mandate to preclude it from considering additional legal claims of the original plaintiff, Tomas de Jesus-Mangual, and the intervenor Jorge Medina that the statute is also unconstitutional as applied in a different context.  As a result, it refused to consider de Jesus-Mangual's and Medina's claims, presented initially in the earlier action and pressed later by a post-remand motion for summary judgment, that the Puerto Rico criminal libel statutes are also unconstitutional under the First Amendment in criminal prosecutions of claims that the reporter had libeled private individuals in reporting matters of public concern.

In Mangual, this court, inter alia, instructed the district court on remand to enjoin the Puerto Rico criminal libel statute, 33 P.R. Laws Ann. §§ 4101-4104, as unconstitutional under the First Amendment "as applied to statements regarding public officials or figures."  Mangual, 317 F.3d at 69.  The record permitted us to resolve the public official or figure issues, but not the claims articulated in plaintiff's September 1999 summary judgment motion about private figures in matters of public concern.

We also held that the district court erred in dismissing the case for lack of standing and in denying intervention to Jorge Medina, and allowed his intervention. Id. Further, we noted that on the evidence,

> "[the threats] to which the plaintiffs point all involve statements regarding either public officials, such as police officers, or public figures such as political candidates. Thus, we have no occasion to consider whether the Puerto Rico criminal libel statute is unconstitutional as applied to statements about private figures on matters of public concern."

Id. at 66 n.8. Plaintiffs de Jesus-Mangual and Medina filed a petition for reconsideration with this court, asking us to reconsider and reach this issue. We declined to do so. As of that time, as plaintiffs admit in their brief here, the issue of application of the statute to claims that private individuals were libeled on matters of public concern was not fully developed, there having been no evidence presented on that claim, unlike the public official claim.

Mandate issued from this court on February 20, 2003. It remanded the case to the district court with instructions to issue a declaratory judgment and injunctive relief consistent with the January 21, 2003 opinion, which stated:

> We hold that the Puerto Rico criminal libel statute incorporates constitutionally invalid standards in the context of statements about public officials or public figures. We hold that Puerto Rico's criminal libel statute, 33 P.R. Laws Ann. §§ 4101-4104, is

-3-

> unconstitutional under the First Amendment as applied to statements regarding public officials or figures. We **reverse** the denial of Medina's motion to intervene and **grant** intervention to Medina, **reverse** the dismissal of the case on jurisdictional grounds, and **remand** the case with instructions that the district court enter a declaratory judgment and injunctive relief consistent with this opinion. So ordered. Costs are awarded to Mangual and Medina.

Id. at 69.

The next day the plaintiff and plaintiff-intervenor filed a motion for summary judgment on the portion of their earlier claims that the criminal libel statute is unconstitutional as applied to publications about private individuals in matters of public concern. Each plaintiff filed a supporting affidavit.

De Jesus-Mangual's affidavit said that his job as a reporter required him to cover private as well as public persons on matters of public concern. He said he was chilled in pursuing and publishing certain stories and had suppressed names of private persons out of fear of criminal prosecution. His fears were exacerbated by the fact that the statute appeared to put the burden on the reporter to prove the truth of the statements made. Further, this chilling effect was particularly strong because, unlike for civil libel claims, he was not able to obtain insurance against a criminal libel claim, and thus would have to shoulder the expense of litigating such a claim himself. He acknowledged that he was not at that time under any threat of prosecution for stories

-4-

about private persons in matters of public concern. But the affidavit said that such prosecutions were still being brought. Referring to the prosecution of television producer Kobbo Santarrosa, he averred that the Justice Department was continuing to prosecute journalists under the statute.

The affidavit of the intervenor plaintiff, Medina, made similar statements. He stated that a substantial part of his journalistic work included covering matters of public concern which often involved individuals who would not be considered public officials or figures. In addition, he said that there have been numerous instances in which he has refrained from naming private individuals in a story for fear that he would be prosecuted under the statute. He further said that the Justice Department was still prosecuting individuals under the criminal libel statute, and that this fact has contributed to the chilling effect resulting from the statute. He too stressed the importance of the lack of available insurance as a large deterrent from his publishing legitimately newsworthy articles that could possibly fall under the reach of the statute.

No opposition was ever filed to the plaintiff's February 21, 2003 summary judgment motion.[1] Indeed, it might have been

---

[1] Pursuant to District of Puerto Rico Local Rule 7.1, defendants were required to reply to the motion within ten days of being properly served.

taken that the Secretary was declining to defend the statute against this challenge.

On March 13, 2003, the district court issued a declaratory judgment and injunction in conformity with this court's opinion. It did not act on the new summary judgment motion.

The plaintiffs twice asked the court to act on their summary judgment motion: on April 29 and June 2, 2003. The court did not act on the motion until October 31, 2003, when it denied the motion for summary judgment, stating that it had no power to act on plaintiff's claim as it was foreclosed by our mandate. The result of the order was to foreclose all other issues and thus, effectively, close the case.

## I.

We deal first with an issue not addressed by the parties. The record shows that no final judgment was entered by the district court on a separate document, as required by Rule 58. Fed. R. Civ. P. 58. However, because the district court's order clearly indicated that it intended to dispose of the case finally, and the defendant Secretary of Justice Rodriguez has not objected to the appeal but rather has briefed the case as a final, appealable order, we may appropriately exercise jurisdiction.

Under 28 U.S.C. § 1291, the "courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." Id. Generally, a

district court decision becomes "final" when judgment is set forth in a separate document as required by Rule 58.

Nonetheless, a decision of a district court may be a "final decision" for the purposes of appellate jurisdiction under § 1291 despite the lack of a judgment entered in a separate document under Rule 58. Banker's Trust Co. v. Mallis, 435 U.S. 381 (1978). In Banker's Trust, the Supreme Court noted that Rule 58 was passed in order to make clear precisely when the clock began to run for the purposes of appealing a final judgment. Id. at 384. Here there is no question but that the appeal is timely, and so the purposes of Rule 58 are not served by hinging appellate jurisdiction on the existence of a separate judgment. Banker's Trust held that where the district court had clearly evidenced its intent that the appealed-from opinion and order represent the final decision in the case, a judgment of dismissal was recorded in the docket, and respondent did not object to the appeal in the absence of a separate judgment, the requirements of Rule 58 were deemed waived and jurisdiction under § 1291 was proper. Id. at 387-88; see also United States v. Hoyts Cinemas Corp., Nos. 03-1646, 03-1787, 03-1808, slip op. at 9-10 (1st Cir. Aug. 20, 2004) ("Both parties treat [summary judgment order] as a final judgment and . . . so do we"); Mullane v. Chambers, 333 F.3d 322, 337 (1st Cir. 2003).

Similarly, in this case the district court evidenced a finality to its order, the appeal is timely, and the Secretary has not only waived the lack of a Rule 58 final judgment but has asked us to decide the appeal. The district court's memorandum and order states unequivocally that the plaintiff's claim was properly disposed of by our earlier decision and mandate, and that as a result it was without jurisdiction to hear anything more. While, unlike in Banker's Trust, a judgment of dismissal has not been recorded in the docket, "nothing but delay would flow from requiring the court of appeals to dismiss the appeal. Upon dismissal, the district court would simply file and enter the separate judgment, from which a timely appeal would then be taken. Wheels would spin for no practical purpose." Banker's Trust, 425 U.S. at 385; see also Kersey v. Dennison Mfg. Co., 3 F.3d 482, 485 (1st Cir. 1993) ("[A] pro forma remand, followed by a new notice of appeal, would advance neither the interests of the parties nor sound judicial administration . . . .").

**II.**

We start by noting that summary judgment was denied on grounds never raised by any party. The district court gave no notice that it thought the motion was barred by the mandate doctrine and plaintiffs were given no opportunity to brief the issue. That alone would be a basis for reversal. See Douglas v. York County, 360 F.3d 286, 290-91 (1st Cir. 2004) (finding an abuse

of discretion where district court injected new issue into the case without giving parties notice and opportunity to respond). Furthermore, had the district court notified the parties of its concern about the meaning of the mandate, the parties could easily have sought clarification about the mandate from this court. See, e.g., United States v. Melvin, 27 F.3d 710, 711-13 (1st Cir. 1994) (after reversing district court's opinion and remanding for further proceedings, court of appeals granted motion to reconsider based on confusion as to mandate); In re Dedham Water Co., 901 F.2d 3 (1st Cir. 1990).

Turning to the merits, we disagree with the district court's interpretation of the mandate. The issue of the application of the statute to asserted libel of private persons was raised in the complaint. Further, in the motion for summary judgment submitted along with the verified complaint, Mangual included among the constitutional defects of the statute that "when the complainant is a private individual or a public figure (not a public official), the accused must equally shoulder the burden of proving the truth of his expressions and further, that the matter relating to his publications is of 'public concern.'" (emphasis added). This put both the defendant and the court on notice that Mangual intended to challenge the constitutionality of the statute as applied to publications about private persons as well as public officials. Because the case was dismissed on standing grounds,

there was no opportunity for discovery. Without waiving this issue, plaintiffs produced evidence of actual prosecutions involving statements about <u>public</u> <u>officials</u> in order to assert standing. Nothing in this court's prior opinion resolved the issue of application of the criminal statute to claimed defamation of private individuals in publications on matters of public concern. In the posture in which the case came to us, the issue was not yet fully developed, and we were explicit that we were not reaching it. Nothing in our mandate instructed the court to dismiss the entire case or its remaining claims upon entry of the required injunctive and declaratory relief. Nothing in our mandate precluded the plaintiffs from attempting to raise the issue and provide supporting evidence. The district court was not deprived of power to entertain the motion.

Under this circuit's "law of the case" doctrine, the mandate rule, "with only a few exceptions, forbids, among other things, a lower court from relitigating issues that were decided by a higher court, whether explicitly or by reasonable implication, at an earlier stage of the same case." <u>Municipality of San Juan</u> v. <u>Rullan</u>, 318 F.3d 26, 29 (1st Cir. 2003). It is equally clear that issues that were not decided by the appellate court and that are thus outside the scope of the mandate are not affected by the mandate. In <u>Biggins</u> v. <u>Hazen Paper</u>, 111 F.3d 205, 209 (1st Cir. 1997), this court stated that "mandates require respect for what

-10-

the higher court decided, not for what it did not decide." Biggins cited multiple cases that hold that "absent a contrary direction, a district court on remand can permit the plaintiff to 'file additional pleadings, [or] vary or expand the issues . . . .'" Id. (quoting Rogers v. Hill, 289 U.S. 582, 587-88 (1933)).

In ruling on the constitutionality of one category of as-applied cases, this court reached only the issues for which there was an adequate evidentiary record. Because the initial case was dismissed by the district court on procedural grounds prior to any significant discovery, plaintiffs were not given the opportunity to develop the evidentiary record with respect to their constitutional challenge to the statute as applied to publications about private individuals in matters of public concern.

The Secretary was on notice from the complaint and simultaneously filed summary judgment motion that plaintiff was challenging the statute's applicability to private individuals as well. It is true that plaintiff and plaintiff intervenor had not, at the time of the appeal from the dismissal of the case, raised in their affidavits evidence of the sort they raised post-mandate about prosecutions arising from publications about private persons in matters of public concern. It was up to the defendant Secretary to raise an objection if she felt prejudiced by the post-mandate filing that raised the issue again. Whatever arguments the

-11-

defendant had to the timing of the raising of the claim post-mandate have been forfeited.

Indeed the Secretary of Justice did not respond to the summary judgment motion until this appeal. On appeal, the Secretary asserts that we should affirm the District Court's ruling based alternatively on the law of the case doctrine and the doctrine of res judicata. These two arguments, in addition to being forfeited by not being raised in the trial court, are inapposite. Had this court decided the issue of the constitutionality of the statute as to prosecutions for defamation of private persons in matters of public concern, the law of the case doctrine would be relevant. Further, had we decided the issue in a different case than this, the doctrine of res judicata would be relevant. The <u>Manqual</u> opinion is perfectly clear that the private-person issue was <u>not</u> decided.

As a result, we remand for further proceedings consistent with this opinion. Normally, we would hold that the defendant Secretary, having failed in her obligation to oppose summary judgment, was bound, as a result thereby, to take the plaintiffs' statement of facts as given and was not permitted to introduce her own evidence. However, what is at stake is the constitutionality of a statute as applied to a category of cases; we are loathe to have a determination made on such a question in such a default context.

On remand, the Secretary of Justice should notify the district court whether the government intends to defend the statute. The district court should then proceed accordingly. So ordered.