

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-17-2008

# Kline v. Valentic

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2579

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kline v. Valentic" (2008). *2008 Decisions.* Paper 1010.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1010

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  07-2579

CORPORAL DANIEL KLINE; LISA KLINE

Appellants

v.

ALAN VALENTIC; KARRY VALENTIC;
SGT. GARY SCHULER; SUSAN BELL;
LT. MCFADDEN; JOHN FERRARO;
THOMAS DUBOVI

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2:06-cv-00642
District Judge: The Honorable Joy Flowers Conti

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 21, 2008

Before: SMITH and NYGAARD, *Circuit Judges*,
and STAFFORD, *District Judge*[*]

(Filed: June 17, 2008)

OPINION

STAFFORD, *District Judge*.

Daniel Kline ("Kline") and Lisa Kline appeal from the District Court's dismissal of

---

[*]The Honorable William H. Stafford, Jr., Senior United States District Judge for
the Northern District of Florida, sitting by designation.

their First Amendment retaliation, civil conspiracy, and reverse discrimination claims.[1]

We will affirm.

At all times relevant to this action, Kline was a corporal employed by the Pennsylvania State Police ("PSP"). On February 18, 2004, while driving his personal vehicle with his two children as passengers, Kline was involved in a road rage incident with Alan Valentic. The incident led Kline to file summary criminal charges of reckless driving and disorderly conduct against Valentic. Valentic in turn filed a written complaint against Kline with the PSP.

The summary charges against Valentic proceeded to a hearing at which a district justice found Valentic guilty of reckless driving and disorderly conduct. The complaint against Kline led to a PSP investigation resulting in a report that Kline acted inappropriately in connection with the Valentic incident. Kline challenged the report, saying it contained false statements and material omissions leading to an unjustified conclusion. Kline was ultimately advised that the complaint against him could not be sustained.

---

[1] We note that the District Court failed to enter a final judgment on a separate document as required by Fed. R. Civ. P. 58. Nonetheless, because the District Court's Memorandum Order docketed April 30, 2007, clearly indicated an intent to end the litigation, and because the defendants have not objected to the appeal but rather have treated the District Court's Memorandum Order as a final appealable order, we may exercise jurisdiction over the appeal. *See, e.g.*, *De Jesus-Mangual v. Rodriguez*, 383 F.3d 1, 5 (1st Cir. 2004) (noting that where the timeliness of an appeal is not in question, the purposes of Rule 58 are not served by hinging appellate jurisdiction on the existence of a separate judgment).

At or near the time the PSP was conducting its investigation into the Valentic incident, Kline applied for a promotion. The promotion was later denied. Kline contends that he was denied the promotion in retaliation for his having protested the "maliciously skewered" investigation. Kline also contends that he was denied the opportunity to attend specialized training for essentially the same retaliatory reasons.

In an unrelated incident, Kline stopped an African-American male driving a rental car from New York. The man, who admitted to smoking marijuana in the car, was charged with driving with a suspended license. Kline was thereafter accused by another police officer of racial profiling. The profiling accusation led to a lowering of Kline's employee evaluation.

Kline filed a multi-count complaint in federal court, including claims of First Amendment retaliation, civil conspiracy, and reverse discrimination.[2] The District Court dismissed Kline's First Amendment retaliation and civil conspiracy claims but ordered Kline to re-plead his reverse discrimination claim. When Kline declined to re-plead, his reverse discrimination claim was dismissed because of "the difficulty in determining whether any viable theory was set forth in that count." This appeal followed.[3]

---

[2] Kline's wife, Lisa, was also named as a plaintiff in the case. The district court dismissed Lisa's claims, finding that she had no standing to assert claims based on the purported violations of her husband's civil rights. We likewise find that she has no standing to pursue the claims raised in this case. We thus find her appeal to be without merit.

[3] The District Court exercised jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Appellate jurisdiction exists under 28 U.S.C. § 1291.

This court's review of a district court's grant of a motion to dismiss is plenary. *Sands v. McCormick*, 502 F.3d 263, 267 (3d Cir. 2007). We must accept as true all allegations of the complaint and construe all reasonable inferences that can be drawn therefrom in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). In *Phillips*, we summed up the pleading standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), as follows:

> [S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.

*Phillips*, 515 F.3d at 234 (internal quotation marks and citation omitted).

In Count I of his complaint, Kline alleged that the defendants violated his First Amendment rights by retaliating against him for bringing charges against Valentic and for challenging the results of the PSP's internal investigation. Kline contends that the District Court erred when it dismissed Count I for failure to state a claim. We find no error.

A public employee's speech is protected under the First Amendment when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have "an adequate justification for treating the employee differently from any other member of the general public" as a result of the statement he made. *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). If an employee does not speak as a citizen on a matter of public concern, the employee has no

4

First Amendment cause of action based on his or her employer's reaction to the speech. Public employees do not speak "as citizens" when they make statements "pursuant to their official duties." *Id.* at 421. "An employee's speech addresses a matter of public concern if it can be 'fairly considered as relating to any matter of political, social, or other concern to the community.'" *Holder v. City of Allentown*, 987 F.2d 188, 195 (3d Cir. 1993) (quoting *Connick v. Myers*, 461 U.S. 138, 146 (1983)).

Kline contends that, to the extent he complained about the improper and dishonest conduct of the officers who conducted the internal affairs investigation, he was speaking about a matter of public concern and was not speaking within the scope of his official duties.[5] To be sure, as a general matter, police misconduct constitutes a matter of public concern. *See Vose v. Kliment*, 506 F.3d 565, 569 (7th Cir. 2007) (accepting "that police misconduct is a matter of public concern"); *Markos v. City of Atlanta, Texas*, 364 F.3d 567, 570 (5th Cir. 2004) (noting that "[t]his court has often stated that allegations of police misconduct and corruption are important matters of public concern"). To be protected under the First Amendment, however, an employee's speech about police misconduct must be made "as a citizen." *See Garcetti*, 547 U.S. at 418 (explaining that the "first [inquiry] requires determining whether the employee spoke *as a citizen* on a matter of public concern") (emphasis added).

---

[5] We find no error in the District Court's dismissal of Kline's claim that the defendants violated his First Amendment rights by retaliating against him for filing charges against Valentic. Kline clearly brought charges against Valentic pursuant to his official duties, and those charges cannot support a First Amendment retaliation claim.

Here, the allegations reveal that Kline had a highly *personal* interest in the police misconduct alleged in this case. He complained up the chain of command and not in any public forum about allegedly false statements made during an investigation into his own conduct as a police officer. It was *his* professional reputation that was at stake, and his actions in no way indicated that he wanted the public to know that PSP officers supposedly made false statements about him and his conduct during the course of an *internal* investigation. Because the allegations indicate that Kline was speaking not "as a citizen" but as a police officer whose own official conduct had been called into question, we conclude that Kline's complaints did not constitute speech protected under the First Amendment. The District Court did not err in dismissing Kline's First Amendment claim.

In Count II of his complaint, Kline alleged that three of the defendants—all PSP officers—participated in a civil conspiracy to deprive him of his rights to procedural due process. In particular, he alleged that the three officers conspired "to deny [him] a fair hearing by intentionally creating false evidence as part of a plan to injure [him]," the conspiracy allegedly resulting in Kline's being denied a promotion and being refused the opportunity to participate in specialized training. The District Court dismissed Count II for failure to state a claim, finding that Kline had no protected liberty or property interest in a promotion or training opportunity. Without a protected liberty or property interest, Kline had no procedural due process right connected with the denial of a promotion or training opportunity. Because a civil conspiracy requires a separate underlying tort as a predicate for liability, and because Kline failed to state a claim for deprivation of his due

process rights, the District Court found that Kline likewise failed to state a claim for civil conspiracy. Kline contends that the District Court erred when it dismissed his civil conspiracy claim.

On appeal, Kline changes gears. While in his complaint he alleged that the civil conspiracy claim was based on a deprivation of his procedural due process rights, he argues on appeal that his civil conspiracy claim is based on "valid claims against the PSP Defendants for violations of his First Amendment rights." The District Court addressed Count II as it was alleged and argued, and Kline has presented nothing on appeal that would cast doubt on the correctness of the District Court's decision. Even *if* Count II could be construed to state a claim for civil conspiracy to deprive Kline of his First Amendment rights, Count II would still be subject to dismissal for failure to state a claim because Kline failed to state a claim for violation of his First Amendment rights.

In Count IV of his complaint, Kline (a white man) alleged that, in violation of the First, Thirteenth, and Fourteenth Amendments to the United States Constitution, Kline's black supervisor accused Kline of racial profiling and instructed another officer to lower Kline's employment evaluation as a result. The District Court dismissed Count IV with leave to amend, noting that attempts to decipher Kline's claim "should be reserved for the Plaintiff and his attorneys." Kline declined to amend his complaint; the officers renewed their motion to dismiss; and the District Court again dismissed Count IV, finding the "same difficulties to comprehend whether there is a viable legal theory implicated in Count IV." Although Kline asserts on appeal that Count IV clearly sets forth a short and

7

plain statement entitling him to relief, we are unpersuaded.

Finding no error, we will affirm the District Court's order dismissing Kline's claims.