# United States Court of Appeals

## For the First Circuit

No. 09-1356

KASHNER DAVIDSON SECURITIES CORP., VICTOR L. KASHNER,
MATTHEW MEISTER, TIMOTHY VARCHETTO,

Plaintiffs, Appellees,

v.

STEVEN MSCISZ, MARK MSCISZ, LYNDA MSCISZ,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

Before

Lipez, Stahl, and Howard, Circuit Judges.

John A. Stern, Greenberg Traurig LLP, with whom Jason C. Moreau was on brief, for appellants.
Richard J. Babnick, Jr., Sichenzia Ross Friedman Ference LLP, with whom Marc J. Ross was on brief, for appellees.

April 1, 2010

**LIPEZ**, **Circuit Judge**.  This matter is before us for the second time.  In Kashner Davidson Securities Corp. v. Mscisz, 531 F.3d 68, 79 (1st Cir. 2008), we held that the arbitration award at issue in this case must be vacated because the arbitrators acted in manifest disregard of the law.  We did not specify what, if anything, the district court should do after vacating the award.  On remand, the district court entered an order vacating the arbitration award and remanding the matter to the arbitral body for further proceedings.  It then denied the appellants' motion under Federal Rule of Civil Procedure 60(b) for relief from the remand order.  The appellants now challenge both the remand order and the order denying their Rule 60(b) motion, arguing that both contravene our mandate.

For the reasons that follow, we affirm the decision of the district court to issue the remand order.  However, we also direct the district court to clarify its position on whether the arbitration should proceed before the same panel of arbitrators or a newly constituted panel.

**I.**

The background facts are recounted in detail in our previous opinion.  See Kashner Davidson, 531 F.3d at 71-74.  In 2004, the underlying dispute between appellants Steven Mscisz, Mark Mscisz, and Lynda Mscisz ("the Customers") and appellee Kashner Davidson Securities Corp. ("Kashner Davidson") was submitted to

arbitration before the National Association of Securities Dealers ("NASD"). A panel of three arbitrators found the Customers jointly and severally liable to Kashner Davidson for $421,000 in compensatory damages, attorneys' fees, and costs. The panel also dismissed the Customers' counterclaims and third-party claims with prejudice as a sanction for the Customers' failure to comply with a discovery order.

The district court confirmed that award, and the Customers appealed to this court. We held that the arbitration panel improperly dismissed the Customers' counterclaims and third-party claims as a sanction of first resort rather than a sanction of last resort, noting that the NASD Code of Arbitration Procedure provides for dismissal of a claim or defense as a sanction only when "lesser sanctions have proven ineffective." Kashner Davidson, 531 F.3d at 76. We concluded that the dismissal reflected the arbitration panel's "intentional and willful disregard of the clear and unequivocal language" of the NASD rules, which under our circuit precedent was sufficient to justify vacatur of the award. Id. at 79. Consequently, we "reverse[d] the decision of the district court and remand[ed] the case for entry of an order vacating the arbitration award."[1] Id.

---

[1] Our judgment was phrased in materially identical language. Kashner Davidson has suggested that our mandate left the money damages portion of the arbitration award untouched. That is not correct. We instructed the district court to vacate the entire award, which it did.

After we filed our opinion, but before the mandate issued, counsel for Kashner Davidson sent a letter to the district court judge. Referring to the Financial Industry Regulatory Authority ("FINRA"), the successor organization to the NASD, counsel requested that "the Court remand the matter to FINRA and direct FINRA to reconstitute the original Arbitration Panel . . . for further proceedings consistent with the [Court of Appeals'] decision." There is no indication in the record that the district court took any immediate steps in response to the letter. Once our mandate had issued, the district court entered an order vacating the arbitration award and remanding the matter to FINRA "for further proceedings consistent with the First Circuit's opinion." The district court's remand order did not address whether the original arbitration panel should be reconstituted.

The Customers then filed a brief motion in which they argued that a remand to FINRA was inappropriate because the judgment on appeal did not mention such a remand. Treating the Customers' motion as one for relief from an order pursuant to Fed. R. Civ. P. 60(b),[2] Kashner Davidson argued that the Customers'

_____

[2] The Customers styled their motion as a "Motion for Reconsideration" under Federal Rule of Civil Procedure 7(b) and District of Massachusetts Local Rule 7.1, which are general rules governing motion practice. In its opposition, Kashner Davidson construed the motion as one for relief from an order under Rule 60(b). The Customers adopted that characterization in their reply brief. Nothing in this appeal turns on the precise grounding of the motion in the rules; for clarity, we will refer to it as a Rule 60(b) motion.

-4-

perfunctory motion did not demonstrate an entitlement to relief under the exacting requirements of that rule. It requested that the district court "allow the parties to work towards reaching a final resolution of this dispute before the original FINRA arbitrators by allowing FINRA to hold further proceedings consistent with the First Circuit's Decision." In a reply brief, the Customers added that even if a remand to FINRA were appropriate, "established case law mandates the composition of a new panel when, as here, the initial panel manifestly disregarded the law."

The district court denied the Customers' motion in a brief electronic order: "Essentially for the reasons stated in [Kashner Davidson's] Opposition, this motion is hereby DENIED." The Customers then initiated the present appeal, which challenges both the district court's remand order and its electronic order denying the Customers' Rule 60(b) motion.

**II.**

We have jurisdiction to review the district court's orders under section 16 of the Federal Arbitration Act. See 9 U.S.C. § 16(a)(1)(E); Bull HN Info. Sys. v. Hutson, 229 F.3d 321, 327-28 (1st Cir. 2000).

Before turning to the Customers' arguments, we address an issue raised in the appellees' brief. Kashner Davidson argues that a recent Supreme Court decision, Hall Street Assocs. v. Mattel,

Inc., 552 U.S. 576 (2008), undermines our earlier mandate in this case. In Hall Street, the Supreme Court held that the grounds for prompt vacatur or modification of an arbitral award enumerated in the Federal Arbitration Act, 9 U.S.C. §§ 10-11, are exclusive and may not be supplemented by contract. 552 U.S. at 584. Kashner Davidson contends that our holding in the first appeal -- that the award must be vacated because the arbitrators manifestly disregarded the law -- is in conflict with Hall Street because manifest disregard of the law is not explicitly listed as a ground for vacatur in section 10 of the FAA.

The continued vitality of the manifest disregard doctrine in FAA proceedings is a difficult and important issue that the courts have only begun to resolve. See, e.g., Citigroup Global Mkts., Inc. v. Bacon, 562 F.3d 349, 358 (5th Cir. 2009) (manifest disregard of the law is no longer an "independent, nonstatutory ground" for setting aside an arbitration award); Comedy Club, Inc. v. Improv West Assocs., 553 F.3d 1277, 1281 (9th Cir. 2009) (manifest disregard of the law "remains a valid ground for vacatur of an arbitration award under § 10(a)(4) of the Federal Arbitration Act"); Stolt-Nielsen SA v. AnimalFeeds Int'l Corp., 548 F.3d 85, 94-96 (2d Cir. 2008) (manifest disregard doctrine is "a judicial gloss on the specific grounds for vacatur enumerated in section 10 of the FAA"), cert. granted on other grounds, 129 S. Ct. 2793 (2009). We have referred to the issue in dicta, see Ramos-Santiago

v. United Parcel Serv., 524 F.3d 120, 124 n.3 (1st Cir. 2008), but have not squarely determined whether our manifest disregard case law can be reconciled with Hall Street.

In an effort to have us decide that issue now, Kashner Davidson has asked us to take the unusual step of recalling our earlier mandate.[3]  We will not oblige.  The power to recall a mandate is "one of last resort, to be held in reserve against grave, unforeseen contingencies." Calderon v. Thompson, 523 U.S. 538, 550 (1998).  We have exercised that power sparingly over the course of many years, recalling mandates in only the most extraordinary circumstances.[4]

---

[3]  We note that the recall of a mandate is ordinarily requested by motion.  See 20A James Wm. Moore et al., Moore's Federal Practice § 341.11 (3d ed. 2009).  Contrary to the usual practice, Kashner Davidson raised the issue for the first (and only) time in its brief on appeal.  We do not intend our discussion to suggest approval of the manner in which the argument was raised.

[4]  Compare United States v. Fraser, 407 F.3d 9, 10-11 (1st Cir. 2005) (per curiam) (declining to recall mandate); Conley v. United States, 323 F.3d 7, 14 (1st Cir. 2003) (same); Boston & Maine Corp. v. Town of Hampton, 7 F.3d 281, 283 (1st Cir. 1993) (same); Powers v. Bethlehem Steel Corp., 483 F.2d 963, 964-65 (1st Cir. 1973) (same); Legate v. Maloney, 348 F.2d 164, 166 (1st Cir. 1965) (same); Haverhill Gazette Co. v. Union Leader Corp., 333 F.2d 808, 809-10 (1st Cir. 1964) (same), with Alsamhouri v. Gonzales, 471 F.3d 209, 209-10 (1st Cir. 2006) (recalling mandate where an asylum seeker subject to removal raised a "serious" jurisdictional argument, and the Supreme Court had not yet acted on a pending petition for writ of certiorari); In re: Unión Nacional de Trabajadores, 527 F.2d 602, 604 (1st Cir. 1975) (per curiam) (recalling writ of mandamus where the original decision requiring the district court to hold an "unprecedented" jury trial was "demonstrably wrong and created manifest injustice").  We have occasionally recalled a mandate for the purpose of correcting a clerical error or matter of form.  See, e.g., Estate of Abraham v.

-7-

Kashner Davidson's current predicament is hardly extraordinary. The company failed to take advantage of numerous earlier opportunities to raise the Hall Street argument through ordinary procedures.[5] Most immediately, it could have cross-appealed in this proceeding from the district court's remand order and urged us to revisit our previous decision under ordinary law of the case principles. See Nkihtaqmikon Nkihtaqmikon v. Impson, 585 F.3d 495, 498 (1st Cir. 2009) ("We could revisit our own earlier decision if [the appellant] could show that controlling legal authority has changed dramatically; proffer significant new evidence, not earlier obtainable in the exercise of due diligence; or convince the court that a blatant error in the prior decision will, if uncorrected, result in a serious injustice.") (internal quotation marks and citations omitted). Kashner Davidson did not do so, and now it is faced with the well-settled rule that an appellee who fails to file a cross-appeal may "urge in support of

Comm'r, 429 F.3d 294 (1st Cir. 2005). That is not the situation presented here.

[5] The Supreme Court decided Hall Street on March 25, 2008 -- after we heard oral argument in the first appeal but before we issued our decision. Kashner Davidson could have submitted a letter bringing Hall Street to our attention while the first appeal was pending. See Fed. R. App. P. 28(j). Once the appeal was decided, it could have requested panel rehearing and/or rehearing en banc. See Fed. R. App. P. 35, 40. It could have petitioned the Supreme Court for a writ of certiorari. See Sup. Ct. R. 12, 13. On remand, it could have attempted to show that "exceptional circumstances" justified deviation from our mandate. United States v. Wallace, 573 F.3d 82, 89 (1st Cir. 2009).

a decree any matter appearing in the record" but may not "attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary." El Paso Natural Gas Co. v. Neztsosie, 526 U.S. 473, 479 (1999) (quoting United States v. Am. Ry. Express Co., 265 U.S. 425, 435 (1924)); see also Greenlaw v. United States, 128 S. Ct. 2559, 2564 (2008).

Considering the circumstances, we cannot say that we are faced with the sort of "grave, unforeseen contingenc[y]" that would justify the recall of a mandate. Thompson, 523 U.S. at 550. By strategic choice or through lack of diligence, Kashner Davidson waited until the last possible moment to raise its Hall Street argument. It cannot now circumvent the cross-appeal rule by invoking a remedy reserved for extraordinary situations. Kashner Davidson's request is denied.

## III.

The Customers advance two arguments on appeal. First, they argue that the district court's remand order contravenes our mandate because we did not direct the district court to remand the matter to FINRA.[6] Second, they argue that the district court abused its discretion in denying the Rule 60(b) motion. Although the second argument is primarily a reformulation of the first argument, we address it separately because the parties have raised

---

[6] We note that this is an odd position for the Customers to take. They specifically asked for a remand in the district court and in the first appeal.

distinct concerns about the scope of the district court's Rule 60(b) order.

## A. Remand Order

The applicable legal principles are straightforward. Subject to a few narrow exceptions not implicated here, "[a]n appellate court's mandate controls all issues that were actually considered and decided by the appellate court, or as were necessarily inferred from the disposition on appeal." NLRB v. Goodless Bros. Elec. Co., 285 F.3d 102, 107 (1st Cir. 2002) (internal quotation marks and citations omitted). At the same time, "issues that were not decided by the appellate court . . . are not affected by the mandate." De Jesús-Mangual v. Rodríguez, 383 F.3d 1, 6 (1st Cir. 2004).

When we decided the first appeal, we instructed the district court to enter an order vacating the arbitration award. Kashner Davidson, 531 F.3d at 79. We did not say what, if anything, the district court should do after that. Id. The Customers seize on that silence, arguing that the district court "impermissibly exceed[ed] the scope of [the] mandate" by issuing a remand order "in the absence of any language . . . directing it to do so." Their argument rests on a faulty premise, however. The district court was not constrained to perform only those actions that we specifically listed in the mandate. Although "the mandate of an appellate court forecloses the lower court from reconsidering

-10-

matters determined in the appellate court, it leaves to the [lower] court any issue not expressly or impliedly disposed of on appeal." Biggins v. Hazen Paper Co., 111 F.3d 205, 209 (1st Cir. 1997) (internal quotation marks and citation omitted); see also Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939) ("While a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues.").

The dispositive question is thus whether we explicitly or implicitly decided that a remand to FINRA was inappropriate. There is no serious contention that we did so explicitly; our mandate simply did not address the subject. Nor did we decide the issue by necessary implication. As the Customers acknowledged below, the FAA provides that a district court "may, in its discretion, direct a rehearing by the arbitrators" after an award is vacated. 9 U.S.C. § 10(b). In the closely related context of labor arbitration, the Supreme Court has indicated that remand will often be "the appropriate remedy" following vacatur of an award. Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 511 (2001) (per curiam) (emphasis added); see also United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 41 n.10 (1987). Nothing in our mandate touched on these background rules, let alone abrogated them.

The Customers contend that remand is incompatible with our holding that the entire arbitration award must be vacated in

-11-

light of the arbitrators' actions. On their view, fresh arbitration proceedings must be initiated because a fair proceeding before the same panel of arbitrators is not possible. As the Customers conceded at oral argument, however, the question of whether a new panel of arbitrators should be constituted on remand is distinct from the question of whether a remand is appropriate at all. We address the issue of panel composition below. There is no suggestion that FINRA itself is biased or incapable of providing a fair arbitration proceeding.

Because our mandate did not explicitly or implicitly prohibit the district court from remanding this matter to FINRA for further proceedings, we reject the Customers' argument that the remand order contravened the mandate.

## B. Rule 60(b) Order

The Customers' discussion of the Rule 60(b) order is, for the most part, a reformulation of their argument regarding the remand order. One ancillary issue deserves attention, however. The district court denied the Customers' Rule 60(b) motion "[e]ssentially for the reasons stated in [Kashner Davidson's] Opposition." The Customers suggest that this language could be read as "tacit approval" of Kashner Davidson's argument that the district court intended to remand the matter to the original arbitration panel. Kashner Davidson did take this position in its opposition to the Customers' Rule 60(b) motion. Kashner Davidson

-12-

goes further, flatly stating that the district court "remanded this arbitration dispute back to FINRA's <u>original</u> arbitration panel for further proceedings . . . ." FINRA was also confused by the original remand order, stating in a letter that "counsel will need to seek clarification from the district court on the remand issue before FINRA will proceed with this case."

Although we have decided to affirm the remand order of the district court, we are also going to remand this matter to the district court so that it can consider the parties' arguments and then specify whether (1) a new arbitration panel should be constituted, (2) the original arbitration panel should be reconstituted, or (3) FINRA should decide the issue in the first instance according to its own practices and procedures. The resolution of that issue lies within the sound discretion of the district court. See <u>Aircraft Braking Sys. Corp.</u> v. <u>Local 856, United Auto., Aerospace & Agric. Implement Workers</u>, 97 F.3d 155, 162 (6th Cir. 1996); 1 Martin Domke et al., <u>Domke on Commercial Arbitration</u> § 40:6 (3d ed. & Supp. 2009); 4 Thomas H. Oehmke, <u>Commercial Arbitration</u> § 155:4 (3d ed. & Supp. 2009).

## IV.

This matter is **<u>REMANDED</u>** to the district court for the limited purpose of clarifying the terms of its remand order, as described in this opinion. In all other respects, the district

-13-

court's remand order and order denying the Customers' Rule 60(b) motion are **AFFIRMED**.  Each party shall bear its own costs.

**SO ORDERED**.