# United States Court of Appeals
## For the First Circuit

No. 19-1677

CHRISTOPHER CASTAGNA; GAVIN CASTAGNA,

Plaintiffs - Appellees,

v.

HARRY JEAN; KEITH KAPLAN; DARAN EDWARDS,

Defendants - Appellants,

JEAN MOISE ACLOQUE; GARY BARKER; MICHAEL BIZZOZERO; TERRY COTTON; RICHARD DEVOE; JON-MICHAEL HARBER; CLIFTON HAYNES; GAVIN MCHALE; KAMAU PRITCHARD; WILLIAM SAMARAS; STEPHEN SMIGLIANI; ANTHONY TROY; JAY TULLY; BRENDAN WALSH; DONALD WIGHTMAN; JAMES DOE, Individually; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; JOHN DOE 6; JOHN DOE 7; JOHN DOE 8; JOHN DOE 9; JOHN DOE 10; JOHN DOE ,11; JOHN DOE 12

Defendants.

Before

Lynch and Kayatta,
Circuit Judges.

**ORDER OF COURT**

Entered: July 2, 2021

Christopher and Gavin Castagna seek recall of the mandate in this case. We have inherent authority to recall a mandate in "extraordinary circumstances." Calderon v. Thompson, 523 U.S. 538, 549 (1998). Few cases present such circumstances. See Kashner Davidson Sec. Corp. v. Mscisz, 601 F.3d 19, 22 n.4 (1st Cir. 2010) (collecting cases). "The sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen contingencies." Calderon, 523 U.S. at 549. The Castagnas have not come close to meeting their burden.

In the decision the Castagnas seek to revisit, we held that three Boston police officers were entitled to qualified immunity when, without a warrant, they entered the open door to Christopher

Castagna's apartment after observing apparently underage drinkers exiting the premises. <u>Castagna</u> v. <u>Jean</u>, 955 F.3d 211, 214-15, 222-24 (1st Cir. 2020). We reached this conclusion because at the time of the search, "there was no clearly established law that the officers' entrance into the apartment fell outside of the scope of the community caretaking exception" to the Fourth Amendment's warrant exception. <u>Id.</u> We cited a number of cases predating the search that held such searches were in fact lawful. <u>Id.</u> at 223 (citing <u>United States</u> v. <u>Quezada</u>, 448 F.3d 1005, 1007 (8th Cir. 2006); <u>United States</u> v. <u>Rohrig</u>, 98 F.3d 1506, 1520-23 (6th Cir. 1996); <u>United States</u> v. <u>York</u>, 895 F.2d 1026, 1029-30 (5th Cir. 1990)); <u>see also</u> <u>MacDonald</u> v. <u>Town of Eastham</u>, 745 F.3d 8, 14 (1st Cir. 2014) (holding that officers who entered home under community caretaking exception were entitled to qualified immunity because unlawfulness of conduct was not clearly established).

The Supreme Court's decision in <u>Caniglia</u> v. <u>Strom</u>, 141 S. Ct. 1596 (2021), which held that police officers may not always enter a home without a warrant to engage in community caretaking functions, <u>id.</u> at 1599-1600, does not alter our holding. To defeat the officers' assertion of qualified immunity, the Castagnas must show that the officers' conduct was clearly established as unlawful in 2013. <u>See</u> <u>District of Columbia</u> v. <u>Wesby</u>, 138 S. Ct. 577, 589 (2018). "Clearly established means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." <u>Id.</u> (quoting <u>Ashcroft</u> v. <u>al-Kidd</u>, 563 U.S. 731, 735 (2011) (quotation marks omitted). "The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply. Otherwise, the rule is not one that 'every reasonable official' would know." <u>Id.</u> (citation omitted). As controlling authority in this Circuit establishes, in 2013 there was no clearly established rule preventing the officers from entering the apartment. <u>See</u> <u>MacDonald</u>, 745 F.3d at 14.

The Castagnas have not shown that our decision was erroneous, much less demonstrated their entitlement to extraordinary relief. The motion is <u>denied</u>.


By the Court:

Maria R. Hamilton, Clerk


cc:
Benjamin L. Falkner
James B. Krasnoo
Paul Joseph Klehm
Nicole Marie O'Connor
Erika Paula Reis
Katherine Nowland Galle